54154, 54155. JONES v. DOE (two cases).

QUILLIAN, Presiding Judge.

Plaintiffs, Dwight and Willie Jones, were passengers in a car owned and operated by Clyde Weaver, when they were struck from the rear by another vehicle. The other vehicle did not stop and the identity of the driver was never ascertained. The Weaver car was insured by Associated Indemnity Corporation, and included uninsured motorist coverage. Both plaintiffs and Mr. Weaver were injured and hospitalized as a result of those injuries.

Plaintiffs brought suit under Code Ann. § 56-407.1 (Ga. L. 1963, p. 588, as amended through 1976, pp. 1195, 1196), against John Doe as the unknown driver of the hit and run vehicle. Associated answered and filed defensive pleadings. After discovery, Associated moved for summary judgment on the ground of failure of compliance with Code Ann. § 56-407.1 (c), supra, which provides in part: "If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured be unknown, the insured, or someone on his behalf . . . in order for the insured to recover under the indorsement, shall report the accident as required by Chapter 92A-6."

Code Ann. § 92A-604 (Ga. L. 1951, pp. 565, 568 as amended through 1964, pp. 224, 226) provides, in part, that the operator of a vehicle involved in an accident in which death or injury occurs, or property damage of one person amounts to $100 or more, shall "within 10 days" after the accident make a report thereof to the director. An attached affidavit to Associated's motion was that of an assistant supervisor of the Georgia Department of Public Safety, which showed the records of that office failed to reveal any record of an accident report being filed by or on behalf of either of the plaintiffs.

Plaintiffs submitted an affidavit of Mr. Weaver which stated he was released from the hospital on

February 14, 1975, and on February 17, 1975, obtained an "Accident Report Form from the Department of Public Safety; filled it out, and mailed it to them in a properly addressed and stamped envelope to the address given on the form. The Report was not returned. . ."

Associated's motion for summary judgment was granted. Plaintiffs appeal. *Held:*

Assuming arguendo that defendant is correct in his contention that the requisite report was not filed as required by Code Ann. § 56-407.1 (c), supra, granting of summary judgment was error. Code Ann. § 92A-604 requires the report to be filed within 10 days after the accident, or if the individual is physically unable to do so — then as soon as possible. However, Code Ann. § 92A-9918 (a) (Ga. L. 1951, pp. 565, 575), states that a failure to file such accident report shall be punished by a fine not in excess of $25 and suspension of the license of the person failing to make such report "until such report has been filed. . ." A clear reading of this section in pari materia with Code Ann. § 56-407.1 (c), supra, reveals that when an individual fails to file this report within the allotted time, he may achieve full compliance with this chapter by filing such report at any time thereafter. Thus, the failure to file in accordance with Code Ann. § 56-407.1 (c), supra, results only in abatement of the right to file an action against an insurance carrier until the report is filed — provided the statute of limitation is not involved.

Our Supreme Court held in *Ogden Equip. Co. v. Talmadge Farms, Inc.*, 232 Ga. 614, 615 (208 SE2d 459), that our summary judgment statute, Code Ann. § 81A-156 (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759) "contemplates a judgment on the merits, and cannot be properly utilized to raise matter in abatement." See *Carlson v. Hall County Planning Comm.*, 233 Ga. 286 (2) (210 SE2d 815); *Dunlap v. Dunlap*, 234 Ga. 304 (1) (215 SE2d 674). Thus, a failure to file the accident report merely abates the right to institute suit until compliance with the statute. Therefore it is not a proper subject for summary judgment.

*Judgment reversed. Shulman and Banke, JJ., concur.*

ARGUED JULY 11, 1977 — DECIDED SEPTEMBER 9, 1977 —
REHEARING DENIED OCTOBER 11, 1977 — 

*Richard R. Kirby,* for appellants.
*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, F. Clay Bush,* for appellee.

### ON MOTION FOR REHEARING.

1. Defendant alleges this court overlooked the decisions of *Corbin v. Gulf Ins. Co.,* 125 Ga. App. 281 (187 SE2d 312), and *Govt. Employees Ins. Co. v. Gates,* 134 Ga. App. 795 (216 SE2d 619) in reaching our decision. In *Corbin,* Gulf Insurance contended that the insured failed to comply with policy requirements which were conditions precedent to coverage. Those conditions related to a written statement under oath to the company within 30 days, and the report to be filed with the Georgia Director of Public Safety. The plaintiff contested the sufficiency of the affidavit of the supervisor of the Department of Public Safety to prove a report was not filed by his daughter who he states was driving the car at the time of the incident. This court held: "But pretermitting whether there is a genuine issue of fact over whether there was compliance with the policy requirement of reporting the accident to the Department of Public Safety, no genuine issue exists in the evidence over whether Corbin or anyone in his behalf filed a written statement under oath with the company within 30 days of the accident. . ." Id. p. 284. Thus, the court expressly declined to consider the issue which was the basis of the present decision and is not applicable.

In *Gates* the Government Employees Insurance Company (GEICO) contended that the insured failed to comply with the same two provisions, notice to the company and the Department of Public Safety.

This court held: "That such notice provisions are binding and are conditions precedent to an action against the insurer when so provided in the insurance policy, as here, is settled. *Corbin v. Gulf Ins. Co.,* 125 Ga. App. 281 (2) (187 SE2d 312)." 134 Ga. App. p. 796. Both parties moved for summary judgment and both motions were

denied. However, Gates moved for and was granted a directed verdict. Gates submitted affidavits claiming waiver of the requirement by the insurance adjuster. This court concluded that these statements "are certainly additional factors which rendered the denial of motions for summary judgment proper and which the jury should have been allowed to consider in determining the question of waiver. . . The question should have been submitted to the jury at the conclusion of all the evidence." Thus, the issue in *Gates* was not decided on summary judgment but on a directed verdict and held the issue should have been submitted to a jury. Neither of these decisions reached the issue of abatement or compliance with the condition precedent as we did in the instant case. We find no merit to this portion of the motion.

2. Defendant avers that we misapplied the concept of abatement to the facts of this case. He argues that "[t]he doctrine has application to the pendency of prior suits and the continuation of suits after the death of a litigant," and refers us to Georgia Code Ann. §§ 3-501 et seq. and 3-601 et seq. We do not read this doctrine so restrictively.

Abatement of an action at common law "is the entire overthrow or destruction of the action, resulting from the fact that the defendant pleads some matter that defeats the action, either for the time being or permanently. . . Any further enforcement of the cause of action necessitates the bringing of a new action . . ." 1 AmJur2d 41, Abatement, Survival, and Revival, § 1. Accord, 1 CJS 27, Abatement and Revival, § 1; Black's Law Dictionary. This court has held that if a cause of action is brought on an insurance policy without performance of a condition precedent to the right to sue, this subjects the action to a plea in abatement. *National Fire Ins. Co. v. Lam,* 34 Ga. App. 246 (2) (129 SE 116); see also 1 CJS 126, Abatement and Revival, § 86, and cits.

*Motion for rehearing denied.*