A89A1131. ROLAND WELL DRILLING, INC. et al. v. MURAWSKI et al.
(386 SE2d 872)

SOGNIER, Judge.

This is the second appearance of this action before the Court of Appeals. The facts are set forth in *Murawski v. Roland Well Drilling*, 188 Ga. App. 760 (374 SE2d 207) (1988), in which we addressed the validity and enforceability of the original contract and addendum (the contract) between Roland Well Drilling, Inc. (Roland Well) and G. W. Robinson and the enforceability of a subsequent trust deed. We held that the contract was valid and enforceable and the restrictive covenants imposed upon the grantees of the subdivision lots were enforceable against all properties for which Robinson appears in the claim of title, but that the terms of the trust deed executed by Roland Well and Decatur Consolidated Water Services, Inc. (Decatur Water) were enforceable only as to Roland Well and Decatur Water and not against the subdivision property owners. Following remittitur from this court, the trial court entered a final order on the property owners' claim for declaratory relief. Roland Well and Decatur Water filed this appeal from that order.

Appellants contend that the trial court, in holding that appellees,

the property owners, "are no longer bound by any restriction on water sources arising out of the [contract]," erroneously interpreted the terms of this court's prior order. Upon review of the lower court's order, we find that it correctly concluded that because the contract was binding upon both appellants and appellees, as a result appellants were not entitled to impose any fees or charges in excess of those permitted by the contract even if authorized by the trust deed. The trial court, however, also found that the pump and some of the water mains installed by appellant Roland Well were not of the size specified in the contract, and concluded that because the water system was "not constructed or operated in strict accordance with the [contract]," appellees were no longer bound by the restrictions on obtaining alternative sources of water. We do not agree.

The contract provided in pertinent part: "For and in consideration of [appellant Roland Well] constructing said water supply system in strict accordance with the terms of this contract, Robinson agrees and binds himself that so long as said system is operating in accordance with the rules and regulations of the Department of Public Health of the State of Georgia, Division of Georgia Water Quality Control, and the State Water Quality Control Board of the State of Georgia, he shall not, within 20 years from the date of this contract, sell any lot in said proposed subdivision without the deed to said lot containing the following restriction: 'Grantee [each appellee] herein acknowledges that the property described in this deed is presently being served with water by [appellant Roland Well] and agrees and binds himself that for a period of 20 years from the date of this deed he shall not construct a private water supply system on said above described property, or dig a well on the above described property, or allow said above described property to be served with water from any other source other than [appellant Roland Well]; provided, however, that the failure of [appellant Roland Well], its successors or assigns, to supply water to said above described property in the quantity and of the quality required by the rules and regulations of the Department of Public Health, the division of Georgia Water Quality Control, or the State Water Quality Control Board of the State of Georgia, or their successors, shall operate to relieve the Grantee . . . from the restrictions and prohibitions contained in this deed.' "

The trial court construed the quoted contractual provision to provide that if construction of the water system was not done in strict accordance with the contract specifications, the restrictive covenants could not be enforced. This interpretation renders meaningless the final phrase in the restrictive covenants, which states that appellees will be relieved from the water source restrictions if appellant Roland Well fails "to supply water to [the] property in the quantity and of the quality required by the rules and regulations of the [appropriate

state authorities]." The contract "must be interpreted so as to give a reasonable, lawful and effective meaning to all manifestations of intention by the parties rather than an interpretation which leaves a part of such manifestations unreasonable or of no effect. [Cits.]" *Central Ga. &c. Corp. v. Ga. Power Co.*, 217 Ga. 171, 173 (121 SE2d 644) (1961). As " 'forfeitures are not favored in the law, and where there is legitimately a choice of constructions, that which will save the contract is rather to be preferred than that which will work a forfeiture[,]' " *Aetna Ins. Co. v. Lipsitz*, 130 Ga. 170, 175 (2) (60 SE 531) (1908), we construe the contractual provision at issue to provide that once the restrictive covenants are incorporated into the deeds of appellees, as the property owners, the restrictions contained therein are binding against appellees unless the quantity or quality of the water supply is in violation of the applicable state regulations. We previously held that the restrictive covenants were valid and binding against appellees, *Murawski*, supra at 763, and thus the only issue before the trial court with regard to enforceability of the restrictive covenants was appellants' compliance with the state water quality regulations. As the trial court addressed only the scope of appellants' compliance with the contract specifications and did not consider whether appellants were in violation of the Georgia Safe Drinking Water Act of 1977, OCGA § 12-5-170 et seq., and the regulations promulgated thereunder, we reverse and remand for a factual determination on that issue.

*Judgment reversed and case remanded. Banke, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1989 —
REHEARINGS DENIED SEPTEMBER 19, 1989 AND SEPTEMBER 26, 1989.

Geneva Roland, *pro se.*
*Ben Kirbo*, for appellants.
*Rikard L. Bridges*, for appellees.