A91A1149. McGREGOR et al. v. STACHEL et al.
(408 SE2d 118)

BEASLEY, Judge.

McGregor's complaint and amended complaint, on behalf of shareholders of defendant Southern Medical Systems, Inc., was dismissed on motion by defendant Southern Medical. Remaining for disposition in the trial court were the counterclaims of Southern Medical and defendant Ahern. The trial court entered no order under OCGA § 9-11-54 (b) and McGregor sought to appeal to this court without obtaining the grant of an interlocutory appeal under OCGA § 5-6-34 (b).

1. The trial court determined that McGregor could not commence the shareholder derivative action because the letter which purportedly contained the demand upon the corporation to take suitable action was not sufficient. See OCGA § 14-2-742. McGregor contends that because the trial court considered that letter which was attached as an exhibit to the amended complaint as well as the letter in response by Ahern, the president of Southern Medical, the proceeding was converted into a summary judgment proceeding under OCGA § 9-11-12 (c).

It is well established that summary judgment is appropriate only to matters relating to the merits of a proceeding and does not apply to matters in abatement. *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614 (208 SE2d 459) (1974). OCGA § 14-2-742 provides that a shareholder may not commence a derivative proceeding until a writ-

ten demand is made and 90 days have expired after that demand. It has nothing to do with the merits of the shareholder's claim but only with a procedural prerequisite for asserting such a claim. See *Metric Steel Co. v. BLI Constr. Co.*, 147 Ga. App. 380 (249 SE2d 121) (1978); *Jones v. Doe*, 143 Ga. App. 451, 452 (238 SE2d 555) (1977).

The matter on appeal involves the grant of a motion to dismiss predicated upon the failure to follow that procedure and was not convertible to a summary proceeding. *Jones v. City of Austell*, 166 Ga. App. 808, 810 (305 SE2d 653) (1983); *Rainwater v. Vazquez*, 133 Ga. App. 173 (210 SE2d 380) (1974). See *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 846 (1) (366 SE2d 223) (1988). As such, the general appellate process is applicable. *Warshaw Properties v. Lackey*, 170 Ga. App. 101, 102 (316 SE2d 482) (1984).

Under these circumstances, appeal from the order dismissing McGregor's claim is premature and not subject to review. *Hancock v. Oates*, 244 Ga. 175, 177 (259 SE2d 437) (1979); *Memorial Med. Center v. Moore*, 184 Ga. App. 176 (361 SE2d 49) (1987); *Campbell v. George*, 129 Ga. App. 644 (200 SE2d 503) (1973).

2. We decline to impose penalties for a frivolous appeal under Court of Appeals Rule 26.

*Appeal dismissed. Banke, P. J., and Carley, J., concur.*

## ON MOTION FOR RECONSIDERATION.

Seeking reconsideration of our opinion dismissing this appeal, appellant argues that we have overlooked his enumeration of error complaining that it was error for the trial court to dismiss the complaint in its entirety because count two encompassed a direct action by appellant against the controlling shareholders of Southern Medical Systems, Inc., which claim dose not require a prior written demand.

Basically appellant contends that the dismissal of count two, which was not specifically addressed by the trial court, necessarily constituted a summary judgment order which is directly appealable. However, from review of the record it appears that insofar as count two was dismissed, it was an oversight by the trial court. This oversight does not raise the matter to the status of a final judgment. No evidence was introduced as to count two and the motion to dismiss did not evolve into a motion for summary judgment under OCGA § 9-11-12 (c). A dismissal based on a motion not supported by evidence is not final and directly appealable unless, as a result, the case is no longer pending in the court below. OCGA § 5-6-34; *Farmers Co-op. Ins. Co. v. Hicks*, 227 Ga. 755 (182 SE2d 895) (1971).

Appellant's expressed concern about the effect of our ruling with regard to the substantive law involved in the case demonstrates a misapprehension of the appellate process. Our dismissal based upon

prematurity does not prevent appellant from asserting error before the trial court or to the appellate court once finality is achieved.
*Motion for reconsideration denied.*

DECIDED MAY 28, 1991 —
RECONSIDERATION DENIED JULY 3, 1991.

*Roberts & Isaf, Lawrence E. Newlin, Lynn E. Marsal*, for appellants.

*Arnall, Golden & Gregory, Theodore H. Lackland, Michael S. Wakefield*, for appellees.