A99A1555. DUNN et al. v. CECCARELLI et al.
(521 SE2d 237)

McMURRAY, Presiding Judge.

This litigation appears before us for the second time. In *Dunn v. Ceccarelli*, 227 Ga. App. 505 (489 SE2d 563) (physical precedent only), this Court reversed the trial court's grant of "summary judgment"[1] to appellee-plaintiff timeshare members of the Lake Tara

---

[1] At trial, defendants sought dismissal of appellees' complaint for failure to follow the pre-suit demand requirements set out in the Non-Profit Corporation Code, OCGA § 14-3-740 et seq., erroneously styling their motion as a motion for summary judgment. We, in turn, concluded that the trial "court erred in not entering summary judgment in favor of [appellants]." *Dunn v. Ceccarelli*, 227 Ga. App. 510, supra. To the extent that the foregoing language suggested that summary judgment rather than dismissal without prejudice should have been entered in favor of appellants it is overruled. "[S]ummary judgment is appropriate only to matters relating to the merits of a proceeding and does not apply to matters in

Townhouse Association III, Inc. ("Association"). In so doing, this Court held the trial court should have treated appellees' complaint seeking injunctive relief and an accounting of appellant-defendant Association board members as a time-barred derivative action for failure to comply with the ante litem demand requirements set out in OCGA § 14-3-742. Id. at 510. In light of the foregoing, we further concluded that appellees' cross-appeal of the trial court's order denying their motion to set aside enforcement of supersedeas pending appeal was moot. Id. Following the return of the remittitur, the trial court entered judgment in favor of the appellants, disposing of the case in its entirety. Thereafter, the trial court denied appellants' motion for attorney fees, and this appeal followed.

A detailed recitation of the facts giving rise to this litigation is set out in *Dunn v. Ceccarelli*, 227 Ga. App. 505, supra. *Held*:

In their sole enumeration of error, appellants contend the trial court erred in denying their motion for attorney fees, finding they were not the "prevailing party" in the underlying litigation in that "they successfully maintained their defense and suffered no judgment against them."

Appellants base their claim for attorney fees upon Art. XXVIII (I) of the Association's Declaration of Covenants & Restrictions[2] ("Declarations") authorizing reasonable attorney fees to prevailing parties in actions brought to enforce compliance with the Declarations. Appellants, however, point to no extrinsic or parol evidence purporting to define the term "prevailing party" as used in Art. XXVIII (I).

When words are not defined in a restrictive covenant, they are to be " 'construed as to carry into effect the intention of the parties, which is to be collected from the whole instrument, and the circumstances surrounding its execution.' [Cits.]" *White v. Legodais*, 249 Ga. 849 (1) (295 SE2d 99). Moreover, a trial judge is authorized to find the meaning of words thus undefined in accordance with their "common everyday sense." Id. at 850. Viewed in this context, we conclude the trial judge was authorized to find that Art. XXVIII (I) authorized

---

abatement. *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614 (208 SE2d 459) (1974)." *McGregor v. Stachel*, 200 Ga. App. 324 (1) (408 SE2d 118).

[2] Art. XXVIII (I) pertinently provides:

Each unit owner and unit week purchaser and the Association shall be governed by and shall comply with this Declaration and by-laws attached hereto. Failure to do so shall entitle the Association or unit owner or unit week purchaser to recover sums due for damages or injunctive relief or both. Such actions may be maintained by or against a unit owner, unit week purchaser, or the Association in a proper case by or against one or more unit owners and/or unit week purchasers, and the prevailing party shall be entitled to receive reasonable attorney's fees. Such relief shall not be exclusive of other remedies provided by law.

the award of attorney fees to the party prevailing on the merits of the claimed compliance violation in issue.

This result is not inconsistent with the Black's Law Dictionary definition of "prevailing party," requiring that a party, in addition to successfully prosecuting or defending an action, "[prevail] on the main issue, even though not to the extent of his original contention." Black's Law Dictionary 1352 (4th ed.). Neither is it inconsistent with the well-settled rule requiring that the factfinder determine which is the prevailing party before attorney fees provided by statute may be awarded. *Keeler v. Keeler*, 263 Ga. 151 (1), 152 (430 SE2d 5); *Hutchinson v. Composite State Bd. of Med. Examiners*, 263 Ga. 186, 187 (1) (429 SE2d 661); *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673).

> OCGA § 14-[3]-742 provides that a shareholder may not commence a derivative proceeding until a written demand is made and 90 days have expired after that demand. It has nothing to do with the merits of the shareholder's claim but only with a procedural prerequisite for asserting such a claim. [Cits.]

*McGregor v. Stachel*, 200 Ga. App. at 324-325, supra.

Inasmuch as we reversed as a time-barred derivative action in *Dunn v. Ceccarelli*, 227 Ga. App. at 510, supra, a decision on the merits therein was not reached. Accordingly, there is yet no prevailing party within the meaning of Art. XXVIII (I) of the Declarations and the trial court properly denied appellants' motion for attorney fees.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JULY 28, 1999 —
RECONSIDERATION DENIED AUGUST 20, 1999

*Stevens & Associates, Ronald S. Stevens, James B. McClung*, for appellants.

*Erck, Dever & Merlin, Hayes M. Dever, Douglas M. Robinson, Donald B. Kuperman*, for appellees.