S99A1598. ELITE REALTY SERVICES, INC. v. CITY OF AUBURN et al.

(528 SE2d 236)

BENHAM, Chief Justice.

Elite Realty Services, Inc. (Elite) owns a lot in Heatherwood subdivision in the City of Auburn and moved onto the lot a structure built on another site, intending to renovate and add to the structure. When it applied for a building permit, the City denied it. In a mandamus action Elite filed to require issuance of a permit, residents of Heatherwood intervened seeking an injunction against the placement of the structure in the subdivision, contending that moving an existing structure into the subdivision violated a protective covenant which permitted only "site built" homes in the subdivision. The trial court denied Elite's petition for mandamus, but granted the intervenors an injunction.

The essential issue in this case is the meaning of the phrase "site

built" as it is used in the protective covenants for Heatherwood subdivision. The covenant, drafted by the developer of the subdivision, who is also the president of Elite, reads as follows: "All homes shall be site built homes." The declaration of protective covenants for Heatherwood does not define "site built."

> When words are not defined in a restrictive covenant, they are to be " 'construed as to carry into effect the intention of the parties, which is to be collected from the whole instrument, and the circumstances surrounding its execution.' (Cits.)" [Cit.] Moreover, a trial judge is authorized to find the meaning of words thus undefined in accordance with their "common everyday sense."

*Dunn v. Ceccarelli*, 239 Ga. App. 687 (521 SE2d 237) (1999).

While the trial court did not attempt in its final judgment to set forth a full definition of "site built," it held that, giving the term "its ordinary meaning," the protective covenants did not permit "moving in a structure from another location." At trial, the court was more expansive in its efforts to define the phrase, saying,

> The Court is going to adopt the definition that "site built" would mean constructed at the location from raw materials and components brought upon the location and assembled there. When I say location, I mean specifically here the lot in this specific subdivision to which the covenants apply.

We agree with the trial court's definition. It is plain from the context in which the phrase is used that "site" is intended to refer to the lot the house will occupy in the subdivision and that "built" means constructed. Thus, the plain meaning of the phrase as it is used in Heatherwood's protective covenants is that a site built house is one that is constructed on a lot in Heatherwood for use there. This meaning is supported by a consideration of the covenants as a whole, particularly several which speak of buildings being "erected" on lots in the subdivision, and one of which requires that house plans be submitted for approval before construction. Taken as a whole, the covenants clearly contemplate that the homes in Heatherwood be built there.

Elite's contention that the structure it moved to a site in Heatherwood would be "site built" when the planned work on it was completed is unavailing. It is plain from Elite's own description of the project that a complete structure would be moved to Heatherwood where it would be, in Elite's words, reconstructed, altered, remodeled, added to, and improved. All of those words contemplate a complete structure constructed elsewhere.

The testimony of Elite's president, the drafter of the covenants, that the requirement that homes be "site built" was included in the covenants merely to exclude factory built homes and mobile homes from the subdivision does not require a different conclusion than the one the trial court reached. The drafter's testimony is not controlling (see *Elder v. Watts*, 252 Ga. 212 (312 SE2d 331) (1984), where this Court interpreted a protective covenant in direct opposition to the meaning testified to by the drafter of the covenant), and his interpretation would render meaningless a subsequent provision in the covenants specifically forbidding mobile homes, thereby violating the rule of construction requiring interpretation " 'so as to give a reasonable, lawful and effective meaning to all manifestations of intention by the parties rather than an interpretation which leaves a part of such manifestations unreasonable or of no effect. (Cits.)' [Cit.]" *Roland Well Drilling v. Murawski*, 193 Ga. App. 38, 40 (386 SE2d 872) (1989).

Approving as we do the trial court's interpretation of the restrictive covenant at issue, we find no error in the trial court's grant of an injunction in favor of the intervenors forbidding Elite from placing in Heatherwood any structure built elsewhere and ordering it to remove the structure which is at the heart of this litigation. Since the injunction is upheld herein, any question of a building permit pertaining to the structure at issue is moot and need not be addressed.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 13, 2000.

*Russell, Stell, Smith & McLocklin, John E. Stell, Jr.,* for appellant.

*Webb, Tanner & Powell, Robert J. Wilson, Russell & Mingledorff, Currie M. Mingledorff II,* for appellees.