A01A0284. NAVARRO v. ATLANTA CASUALTY COMPANY.
(552 SE2d 508)

ANDREWS, Presiding Judge.

Navarro appeals from the trial court's grant of summary judgment to Atlanta Casualty Company, the uninsured motorist carrier for Smith, the owner/driver of the truck in which Navarro was riding when it was struck by an unidentified motorist. Summary judgment was granted because no immediate report of the accident was made to police on March 23, 1997, the date of the accident, as required by OCGA § 40-6-273.

It is not contested that no report was made by either Smith or

Navarro to the local police until four or five days following the late night accident. There is also no question that OCGA § 33-7-11 (c) requires that, if the owner or operator of the vehicle causing property or personal damage is unknown, "the insured, or someone on his behalf, . . . in order for the insured to recover under the endorsement, *shall report* the accident as required by Code Section 40-6-273." (Emphasis supplied.) Code section 40-6-273 requires that "[t]he driver of a vehicle involved in an accident resulting in injury . . . *shall immediately, by the quickest means of communication,* give notice of such accident to the local police department. . . ." (Emphasis supplied.)

It is not necessary, as the dissent has done, to engage in extensive historical analysis of these statutes. Rather, one need only consider the plain language emphasized above. *Williams v. Dept. of Human Resources,* 272 Ga. 624, 625 (532 SE2d 401) (2000). "Immediately" and "quickest" cannot be stretched to include four or five days later.

Also, the dissent's position that compliance with the notice provision is merely a matter of abatement and not a condition precedent to recovery under uninsured motorist coverage is premised primarily on *Jones v. Doe,* 143 Ga. App. 451 (238 SE2d 555) (1977), and is untenable because *Jones* involved a totally different statutory scheme. The statute involved there, Code Ann. § 92A-604, allowed an official police report to be filed up to ten days after an accident, and even later if the person could not comply within ten days. Code Ann. § 92A-9918 provided a fine and license suspension for failure to file an official report "'until such report has been filed. . . .'" *Jones,* supra at 452. Based on these unique features of these two statutes, this Court concluded that an individual failing to file the report within the allotted time "may achieve full compliance with this chapter by filing such report at any time thereafter." Id. Thus, the ability to pursue civil action was merely abated until the filing of the report, unless the statute of limitation had run. Id.

Here, on the other hand, there is no such window of opportunity for notifying the police. It must be done immediately, by the quickest means possible. Such a requirement is not a matter of abatement, but a condition precedent to recovery under uninsured motorist coverage. See *Dover v. City of Jackson,* 246 Ga. App. 524, 526 (541 SE2d 92) (2000).

Therefore, Navarro having failed to satisfy the requisite condition precedent to recovery under Smith's uninsured motorist policy, the trial court properly granted summary judgment to Atlanta Casualty Company.

*Judgment affirmed. Johnson, P. J., Smith, P. J., Ruffin, Miller and Ellington, JJ., concur. Eldridge, J., dissents.*

ELDRIDGE, Judge, dissenting.

On March 23, 1997, plaintiff was a passenger in a large pickup truck operated by Smith on private property waiting in line to exit the parking lot around midnight when an unknown driver backed a smaller pickup truck into the passenger door of Smith's vehicle and left the scene, leaving a dent in the door. Immediately after the collision, the plaintiff did not feel as if she had been injured, only shaken up. However, plaintiff realized the next day that she had suffered a bruise between her shoulder blades and went to the doctor the next week to see if her prior back fusion had been damaged. She received an aggravation of a preexisting injury. Neither she nor Smith reported the accident to the police immediately after it occurred under OCGA § 40-6-273. On March 27 or 28, 1997, Smith orally reported the accident to the City of Helen Police Department, but they refused to make out a written report or to allow him to do so, because he had not reported the incident when it occurred.

OCGA § 40-6-273 states: "The driver of a vehicle involved in an accident resulting in injury to or death of any person or property damage to an apparent extent of $500.00 or more shall immediately, by the quickest means of communication, give notice of such accident to the local police department if such accident occurs within a municipality."

Ga. L. 1953, Nov.-Dec. Sess., pp. 556, 574, § 45 (OCGA § 40-6-273) created the duty of drivers to immediately make an accident report to the appropriate law enforcement agency when there is $25 or more of property damage, death, or injury, but also requires reporting within 15 days on a uniform form to the Department of Public Safety in compliance with the Motor Vehicle Safety Responsibility Act. OCGA §§ 40-6-273; 40-9-30. Subsequently, the minimum damage was increased to $500, so that the police are relieved of the duty to investigate immediately minor accidents, which could be reported later. Ga. L. 1978, p. 1494, § 1; Ga. L. 1994, pp. 363, 364, § 1; OCGA § 40-6-274. The descriptive title to Ga. L. 1994, p. 363, states that the amendment was "to increase the minimum amount of property damage which must be present as a condition of a police investigation of a motor vehicle accident." Thus, immediate reporting of accidents was intended to permit police investigations to take place where death, injury, or apparent serious property damage has taken place at the time of the occurrence, when such an investigation would be productive as enforcement of the traffic code as a criminal violation. In 1994, the deletion of the requirement for financial liability reporting from OCGA § 40-6-273 makes it clear that tort liability is not the purpose of reporting under the Act but is for law enforcement purposes only. Ga. L. 1994, pp. 97, 107, § 33 (1). Thus, OCGA § 40-6-273 makes no provision for reporting subsequently when such condi-

tions for reporting become apparent at a later date or where the driver is incapable of making such immediate report. However, OCGA § 40-6-274 provides an exemption from immediately reporting where there is no known injury or damage to another's property, but requires subsequent reporting of the information under OCGA § 40-6-278. Ga. L. 1972, p. 819, § 1.

The uninsured motorist provisions of automobile liability policies provide under OCGA § 33-7-11 (c) when the other driver is unknown:

> [i]f the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, the insured, or someone on his behalf, or in the event of a death claim someone on behalf of the party having the claim, in order for the insured to recover under the endorsement, shall report the accident as required by Code Section 40-6-273.

As originally passed, OCGA § 33-6-11 (c) did not require compliance with OCGA § 40-6-273, but required reporting in compliance with the Motor Vehicle Safety Responsibility Act, OCGA § 40-9-30, of the unknown driver. Ga. L. 1963, pp. 588, 590, § 1; Ga. L. 1964, pp. 306, 308, § 1. In Ga. L. 1993, pp. 938, 939, §§ 1, 2, both the Uninsured Motorist Act and the Safety Responsibility Act were amended requiring compliance with subsection (c) of the Uninsured Motorist Act. OCGA § 33-7-11 (b) (2). However, in Ga. L. 1994, pp. 97, 107, § 33 (1), both OCGA §§ 40-9-30 and 40-9-32 were deleted from OCGA § 33-7-11 (c), and OCGA § 40-6-273 was substituted in place of such other Code sections, regarding duty to report an accident; this same amendment also deleted the Safety Responsibility Act from the duty to report under OCGA § 40-6-273, leaving the requirement only of the reporting to the local police of an accident and no longer requiring a report to the Director of the Department of Public Safety under OCGA § 33-7-11 (c), because such would be a futile action. Ga. L. 1994, pp. 97, 107, 111, §§ 33 (1), 40 (20).

Thus, the 1994 amendments to OCGA §§ 33-7-11 (c) and 40-6-273 changed the intent of the General Assembly in the driver reporting from motor vehicle safety responsibility to the Department of Public Safety to the law enforcement agency, alone. Prior to the 1994 amendments, failure to report did not constitute a defense in bar on the merits of the claim, but acted as an abatement of the action until the report under the Motor Vehicle Safety Responsibility Act had been complied with by the plaintiff. *Jones v. Doe,* 143 Ga. App. 451, 452 (238 SE2d 555) (1977); *Doe v. Moss,* 120 Ga. App. 762, 766-767 (6) (172 SE2d 321) (1969); see, e.g., summary judgment not appropri-

ate for defenses in abatement, *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614, 615 (208 SE2d 459) (1974); *Dunn v. Ceccarelli*, 239 Ga. App. 687-688, n. 1 (521 SE2d 237) (1999); *McGregor v. Stachel*, 200 Ga. App. 324 (1) (408 SE2d 118) (1991). The purpose of OCGA § 33-7-11 (c) is two-fold: first, to enable a timely police investigation of a hit and run driver; and, secondly, to require a report be made to a law enforcement agency under criminal sanctions. Even if the police cannot immediately investigate the accident caused by a phantom hit and run driver, then filing such report with the police may act as deterrence to the filing of false claims under the Uninsured Motorist Act, because to make a false report to a law enforcement agency is a crime, as well as a fraudulent claim. OCGA § 16-10-26.

All of these interrelated statutes must be construed in pari materia to determine the intent of the General Assembly. Further, "[u]ninsured motorist statutes are remedial in nature and must be broadly construed to accomplish the legislative purpose. [Cits.]" *Smith v. Commercial Union Assurance Co.*, 246 Ga. 50, 51 (268 SE2d 632) (1980). The purpose of uninsured motorist legislation is to require that first-party insurance coverage be offered "to facilitate indemnification for injuries to a person who is legally entitled to recover damages from an uninsured motorist, and thereby to protect innocent victims from the negligence of irresponsible drivers." (Citation and punctuation omitted.) Id. If failure of the driver to immediately report bars recovery, then such purposes for uninsured motorist insurance are thwarted.

Therefore, a jury question exists whether Smith was exempt from immediate notification of the police, because he believed that there had been no injury and that property damage was less than $500 and thus had substantially complied with the condition precedent to immediate reporting to the police by subsequently reporting the accident within a reasonable time. See OCGA §§ 40-6-273; 40-6-274. For purposes of OCGA § 33-7-11 (c), we must construe both OCGA §§ 40-6-273 and 40-6-274 in pari materia, because the victim may be incapable of immediately reporting or may not realize that he is injured at the time of the accident, or their driver may have violated his duty to report, which under the construction of the Uninsured Motorist Act, such failure should not be imputed to the victim. Further, in construing OCGA § 33-7-11 (c), we must consider whether the delay of only several days constituted substantial compliance with the Uninsured Motorist Act where no vested rights were affected. See OCGA § 1-3-1 (c); *Rolleston v. Glynn County Bd. of Tax Assessors*, 240 Ga. App. 405 (523 SE2d 600) (1999); *Health Horizons v. State Farm &c. Ins. Co.*, 239 Ga. App. 440 (521 SE2d 383) (1999).

In any event, this Court has held that the failure to comply with the reporting under OCGA § 40-6-273 cannot be the basis for sum-

mary judgment under OCGA § 33-7-11 (c), because such failure to report acts only as an abatement of the action on the claim until the proper report has been made by someone. *Jones v. Doe*, supra at 452. While this decision was rendered prior to the 1994 amendment by the General Assembly and applied to a different report than is now required under the Uninsured Motorist Act, this amendment is "presumed to be enacted . . . with full knowledge of the existing condition of the law, including decisions of the courts. [Cit.]" *Chrysler Corp. v. Batten*, 264 Ga. 723, 727 (4) (450 SE2d 208) (1994); see also *Plantation Pipe Line Co. v. City of Bremen*, 227 Ga. 1, 9 (3) (178 SE2d 868) (1970). This maxim of statutory construction also applies to amendments of existing law. *Botts v. Southeastern Pipe-Line Co.*, 190 Ga. 689, 700-701 (10 SE2d 375) (1940). Use of this same construction of the existing statute furthers the intent of the Uninsured Motorist Act without harm to the other statutes.

DECIDED JULY 13, 2001.

*Benedict & Spiegel, Noel H. Benedict*, for appellant.
*Seacrest, Karesh, Tate & Bicknese, Karsten Bicknese, Annarita M. Busbee*, for appellee.