### A05A1418. PENDER v. DOE.
#### (622 SE2d 888)

RUFFIN, Chief Judge.

Patrick Pender was injured in a collision with a pickup truck while driving his motorcycle. The driver of the truck left the scene and was never identified. Pender sought to recover uninsured motorist benefits from his insurer, United Services Automobile Association ("USAA"). USAA moved for summary judgment, asserting that Pender cannot recover because he failed to report the collision to police immediately, as required by Georgia law. The trial court granted USAA's motion, and Pender appeals. For reasons that follow, we affirm.

Summary judgment should be granted when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[1] On appeal from a grant of summary judgment, we apply a de novo standard of review.[2] Here, no material facts are disputed. On August 22, 1999, Pender was injured in a collision with an unidentified driver and went to the hospital. He had surgery on his knee and was hospitalized for several days. Pender did not report the collision to police until September 20, 1999.

To recover uninsured motorist benefits from his own insurer, the insured or someone acting on his behalf must report the collision as required in OCGA § 40-6-273.[3] That Code section provides that "[t]he driver of a vehicle involved in an accident resulting in injury ... shall immediately, by the quickest means of communication, give notice of

---

[1] See *Bonner v. Southern Restaurant Group*, 271 Ga. App. 497 (610 SE2d 129) (2005).
[2] See id.
[3] See OCGA § 33-7-11 (c); *Dawkins v. Doe*, 263 Ga. App. 737, 737-738, n. 2 (589 SE2d 303) (2003).

such accident to the local police department."[4] In *Navarro v. Atlanta Cas. Co.*,[5] we held that the requirement of immediate notice to the police by the quickest means "cannot be stretched to include four or five days later." We further held that the notice requirement "is not a matter of abatement, but a condition precedent to recovery under uninsured motorist coverage."[6]

Here, Pender reported the collision to police 29 days after it occurred. He nevertheless argues that the trial court erred in granting summary judgment because there was evidence that (1) his notice to the police was reasonable under the circumstances, and (2) the insurer waived compliance with the reporting requirement.

Following the binding precedent of *Navarro*, we hold that the trial court properly granted summary judgment to USAA because the undisputed facts show that Pender waited 29 days to report the collision to police. There is no provision in OCGA § 40-6-273 for "reasonable" notice; it must be immediate. And Pender's delay of nearly a month, including three weeks after he was released from the hospital, far exceeds the four or five days found to be excessive by the *Navarro* court. As a matter of law, Pender's actions do not constitute immediate notice by the quickest means of communication.[7]

Moreover, Pender has cited no relevant authority for his assertion that an insurer may waive compliance with this statutorily-mandated condition precedent. The cases relied upon by Pender relate to waiver of an insurance company's own policy provisions, rather than waiver of a statutory requirement.[8] Additionally, Pender provides no citation to the record to support his contention that USAA waived the requirement. And we find no testimony or evidence in the record regarding any action by USAA that could be perceived as a waiver. Indeed, in its answer, USAA's first defense is that Pender failed to comply with statutory notice provisions.

Because the undisputed evidence shows that Pender failed to comply with the statutory reporting requirement, his uninsured motorist claim is barred as a matter of law. We therefore affirm the trial court's grant of summary judgment to USAA.

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

---

[4] OCGA § 40-6-273.

[5] 250 Ga. App. 550, 551 (552 SE2d 508) (2001).

[6] Id.

[7] See id.

[8] See, e.g., *Fremichael v. Doe*, 221 Ga. App. 698, 701 (2) (472 SE2d 440) (1996).

DECIDED NOVEMBER 2, 2005.

*Hillman J. Toombs*, for appellant.
*Richard A. Marchetti*, for appellee.