## A09A2201. SASSAFRAS MOUNTAIN ESTATES PROPERTY OWNERS ASSOCIATION, INC. v. GOULD et al.
## A09A2228. SASSAFRAS MOUNTAIN ESTATES PROPERTY OWNERS ASSOCIATION, INC. et al. v. HAWKINS et al.

(691 SE2d 600)

ANDREWS, Presiding Judge.

Sassafras Mountain Estates Property Owners Association (SMEPOA) appeals from the trial court's orders granting partial summary judgment to Walter and Janet Gould in Case No. A09A2201 and to Carolyn and Sammy Hawkins in Case No. A09A2228. Because the orders appealed from are almost identical, we have joined the two cases for disposition on appeal.

The Goulds and the Hawkinses are Sassafras Mountain Estates property owners ("property owners", "appellees") who were not members of SMEPOA and who disputed SMEPOA's authority to assess them for road improvement and maintenance fees. As a result of their refusal to pay the assessed fees, SMEPOA filed liens on their property. The property owners sued SMEPOA, asking for, among others, declaratory relief, injunctive relief and attorney fees.

SMEPOA filed a motion for summary judgment and the property owners filed motions for partial summary judgment. The trial court denied SMEPOA's motion and granted the motions of the property owners. This appeal followed.

In its order, the trial court held that nothing in the original covenants for Sassafras Mountain Estates authorized any assessments for road maintenance expenses. The trial court also found that there was nothing in the original covenants authorizing the formation of a homeowners' association, nor had all of the property owners ever agreed to the formation of such an association. Therefore, membership in SMEPOA was completely voluntary. Further, in order to amend the original covenants, there must be approval by two-thirds of the homeowners, which was never obtained. And, as the property owners pointed out, SMEPOA, by its own documents, could only levy assessments against members, and the property owners in this case were not members of SMEPOA.

1. On appeal, SMEPOA does not enumerate as error the trial court's holding that it did not have the power under the amended covenants to assess appellees for the maintenance of the roads or to levy a lien on their property. SMEPOA contends that the trial court erred in holding that the original covenants in effect at the time the property owners purchased their property did not give it the authority to assess nonmembers for road maintenance fees. We disagree.

SMEPOA points to language in the original Declaration stating that it is intended "to impose mutually beneficial restrictions under a general plan of improvement for the benefit of all owners of

residential property within the Development." Further, under "Easements, Zoning and other Restrictions" it states:

> Declarant hereby expressly reserves to the Declarant, its successors and assigns forever, the right to create perpetual easements in, on, over and under any part of the Property owned by Declarant for any purpose which Declarant deems necessary, including, by way of example, and not limitation, the following: . . . the construction and maintenance of roads and drives for ingress, egress, maintenance and similar functions.

Contrary to SMEPOA's argument, when read as a whole, this section does not appear to contemplate the public roads in the development, but rather easements necessary for drains, water lines, planting of shrubbery, wires, conduits, television cables and so on. This conclusion is further supported by the fact that Section 3.01 (b) states that, "No Owner shall have any right to use any easement created by the Declarant in, on or over any portion of the Property unless such easement has been assigned by the Declarant to the Owner."

We agree with SMEPOA that covenants are to be interpreted "so as to give a reasonable, lawful and effective meaning to all manifestations of intention by the parties rather than an interpretation which leaves a part of such manifestations unreasonable or of no effect." *Elite Realty Svcs. v. City of Auburn*, 272 Ga. 195, 197 (528 SE2d 236) (2000); but here, the covenants are silent as to any intention by the parties to allow assessments for road paving or maintenance. Accordingly, that leaves nothing open for interpretation. The trial court did not err in holding that the property owners were entitled to summary judgment on this issue.

2. Next, SMEPOA argues that equity requires the conclusion that the property owners were required to pay the assessments. First, we note that this enumeration is replete with statements purporting to be facts in the record, but there is not one citation to the record in the entire enumeration. Further, SMEPOA acknowledges that there is no Georgia law that would support this conclusion, relying on other states' case law as authority. In addition, appellees point out that much of this argument is based on the affidavit of Clayton Preble, which was discredited in numerous instances at Preble's deposition. For instance, the deposition stated that appellees had benefitted from the installation of guardrails with reflectors, painted centerlines, reinforced culverts, and cleaned out ditches. At his deposition, Preble acknowledged that no guardrails had been built and when questioned about which culverts had been reinforced and which ditches cleaned out, acknowledged that he did

not know where they were, and also acknowledged that he was not sure what road appellees lived on because "I told you the roads all run together on me."

SMEPOA's argument that appellees could not protest the levy of assessments when they "stood by" and allowed the work to be done is totally without merit. It is undisputed that appellees were told that they could not vote on any issues because they were not members of SMEPOA.

Further, appellees point out that SMEPOA cannot invoke the aid of equity because he "who would have equity must do equity."[1] The trial court's order found numerous instances of actions taken by SMEPOA without any justification, including filing liens against the property with no notice and attempting to intimidate the property owners into complying with its demands.

3. In Case No. A09A2201, SMEPOA also argues that the trial court erred in granting summary judgment to the Goulds on their slander of title claim when they presented no evidence of malice or special damages. The wording of this enumeration is incorrect. The trial court did not grant summary judgment to the Goulds on this claim but rather held that it was for the trier of fact to decide the issues of malice and special damages. SMEPOA supports this claim of error by stating only that there was no evidence of malice or special damages in the record. We disagree. The facts as outlined above certainly raise an issue of fact as to whether the lien on the property was filed in good faith. The trial court's order points out numerous instances in which it found that SMEPOA had misrepresented certain facts and been less than honest in its answer. Further, we note that the trial court's order specifically mentions a hearing on the motions and states that the order was entered after the hearing and after a careful review of the pleadings, and so on. Without a transcript of the hearing, we cannot assume, as SMEPOA urges, that there was no evidence of malice or special damages before the court when it determined that these issues were for a jury. "Under these circumstances, we must rely on the presumption in favor of the regularity of all proceedings in a court of competent jurisdiction, assume that the evidence was sufficient to support the trial court's ruling, and affirm the judgment." *Wolfork v. Tackett*, 241 Ga. App. 633, 635 (526 SE2d 436) (1999).

4. In light of our holdings in Divisions 1, 2 and 3 above, we need not address SMEPOA's remaining enumeration of error in Case No. A09A2228 because it is based on arguments already rejected in the

---

[1] (Punctuation omitted.) *BEA Systems v. WebMethods, Inc.*, 265 Ga. App. 503, 510-511 (595 SE2d 87) (2004).

above divisions.

5. SMEPOA argues that the trial court erred in awarding attorney fees to appellees because it failed to hold a required hearing on the issue and failed to support the award with requisite findings of fact. The trial court's order states that attorney fees are awarded in Case No. A09A2228 in the amount of $3,500, and in Case No. A09A2201 in the amount of $1,500. The order gives no basis for the awards and fails to include specific findings of fact supporting the awards. "A judgment devoid of such findings *must* be vacated and the case *must* be remanded for reconsideration." (Punctuation omitted; emphasis in original.) *Dept. of Transp. v. Douglas Asphalt Co.*, 295 Ga. App. 421, 424 (671 SE2d 899) (2009). Accordingly, we vacate the judgment awarding attorney fees to appellees and remand to the trial court for further action.

*Judgments affirmed in part and vacated in part, and cases remanded. Miller, C. J., and Barnes, J., concur.*

DECIDED MARCH 8, 2010.

*Downey & Cleveland, Mary E. Priest*, for appellants.

*Neville & Cunat, Michael A. Echols*, for appellees (case no. A09A2201).

*David E. Ralston, Sammy J. Hawkins*, for appellees (case no. A09A2228).

*Clark & Clark, Herman Clark*, amicus curiae.