**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 28, 2013**

# In the Court of Appeals of Georgia

A12A1972.  HALL  v.  TOWN  CREEK  NEIGHBORHOOD
ASSOCIATION.

BRANCH, Judge.

The Town Creek Neighborhood Association filed this action against Danielle

Hall[1] in the State Court of Fulton County, seeking to recover amounts allegedly owed

by Hall as special assessments levied by the Association against all homeowners in

2009 and 2010. Additionally, pursuant to the Association's Declaration of Covenants,

the Association also sought reasonable attorney fees. In her answer, Hall asserted that

the power to levy assessments was vested in the Association's Board of Directors, that

either no such Board was ever appointed or that it was otherwise illegally constituted,

---

[1] The Association also named Jejuan Hall as a co-defendant in this action, but
it subsequently dismissed its claim against Mr. Hall, and he is not a party to this
appeal.

and that in the absence of a properly constituted Board, the property developer was without authority to impose the assessments at issue. The trial court disagreed and entered an order granting summary judgment against Hall and in favor of the Association, and awarding the Association damages and attorney fees. Finding that the trial court erred in holding that the developer of the property was entitled to function as and in lieu of the Association's Board of Directors, we reverse.

To be entitled to summary judgment, the moving party "must show that there is no genuine dispute as to a specific material fact and that this specific fact is enough, regardless of any other facts in the case, to entitle the moving party to judgment as a matter of law." (Citation and punctuation omitted.) *Beale v. O'Shea*, 319 Ga. App. 1, __ (735 SE2d 29) (2012). "We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant." (Citation omitted.) *Samuels v. CBOCS, Inc.*, ___ Ga. App. ___ (734 SE2d 758) (2012).

The evidence in this case is undisputed and shows that the Association came into existence on September 28, 2006, when the developer[2] of the property (the "Declarant") filed a "Declaration of Covenants, Conditions and Restrictions for Town

---

[2] The original developer of the property was Bethlehem Road, LLC, who later transferred its rights in and title to the development to Atrias Homes and Communities.

2

Creek." The Covenants defined "Association" as the "Town Creek Neighborhood Association, Inc."; defined "Board or Board of Directors" as "the elected body responsible for management and operation of the Association"; and defined "Bylaws" as "[t]he Bylaws of Town Creek Neighborhood Association, Inc., attached [hereto] as Exhibit 'C' and incorporated herein by this reference." The Declarations also provided that "the Board of Directors shall have the power to make specific special assessments . . . in its discretion, as it shall deem appropriate." Article III, section 2 of the Association's Bylaws provides[3]:

> Declarant shall have exclusive authority to appoint and remove directors and officers until the earlier of: (1) seven (7) years after the recording of the Declaration, (2) [the] date as of which one hundred percent (100%) of the Lots shall have been conveyed by the Declarant to Owners other than a Person constituting the Declarant[,] unless Declarant at that time has an unexpired option to add Additional Property, or (3) the surrender in writing by Declarant of the authority to appoint and remove officers and directors of the Association.

---

[3] No copy of the Association's Bylaws appears in the appellate record. We are therefore relying on the language quoted in the trial court's order and upon which it relied in granting the Association's motion for summary judgment. The trial court order identifies that language as being Article III, § 2 of the Bylaws. Hall does not dispute the accuracy of this language or the fact that it is found in Article III, § 2 of the Bylaws. The Association declined to file a brief in this case.

After Hall filed her answer, the Association moved for summary judgment; in so doing, it conceded that no Board of Directors had ever been appointed. It argued, however, that the Declarant was entitled to act as the Board of Directors for the first seven years of the Association's existence and therefore that the assessments were legal even in the absence of a Board. In support of this argument, the Association relied on the above-quoted language from the Association's Bylaws, as well as the affidavit of R. C. Shanks, an employee of Declarant who claims to serve as the property manager for the Association. Shanks averred that "[f]rom 2006 through the filing of this [affidavit], the Declarant, as authorized by the Declaration, acted as the Board of Directors," and that "[i]n new homeowners['] associations, it is very common for the Declarant to act as the Board of Directors."

Following a hearing, the court below granted summary judgment in favor of the Association and against Hall, finding that Hall did not dispute that the Declaration of Covenants governing the Association was properly recorded with her title; that those Covenants authorized the imposition of special assessments by the Association's Board of Directors; that under the Bylaws of the Association, the Declarant was entitled to appoint the Board of Directors for the first seven years of the Association's

4

existence; that in light of this provision granting the Declarant control of the Board, the Declarant was not obligated to appoint a Board; and that the assessments imposed by the Declarant, acting in lieu of the Board, were legal.

Despite the arguments relied upon by both the Association and the trial court, the question in this case is not whether the Declarant had the authority to control the Board or whether it is a "common practice," in situations such as this, for the Declarant to act as and in lieu of the Board. Rather, the question is whether, under these circumstances, the covenants permitted the Declarant to forego appointing a Board and simply act in place of that Board. We find that they do not.

The Declaration of Covenants states that its filing "does not and is not intended to submit the Property to the terms of the Georgia Property Owners' Association Act, OCGA § 44-3-220, et seq." Accordingly, in construing those Covenants we apply the common law of covenants. See Georgia Jurisprudence, Property, § 6:80; *Country Greens Village One Owner's Assn. v. Meyers*, 158 Ga. App. 609, 610 (281 SE2d 346) (1981). And under that law, the Declaration of Covenants is viewed as a contract; in interpreting that document, therefore, we apply the usual rules of contract construction. *Southland Dev. Corp. v. Battle*, 272 Ga. App. 211, 213-214 (612 SE2d 12) (2005). See also *Sassafras Mountain Estates Property Owners Assn. v. Gould*, 302

5

Ga. App. 690, 691 (1) (691 SE2d 600) (2010). Thus, if the language at issue is clear and unambiguous, our job is simply to apply that language as written. *Southland Dev. Corp.*, supra at 213. Such is the case here.

As noted supra, the Association's Bylaws, which are made a part of the Covenants, grant the Declarant the power to appoint and remove members of the Board of Directors for the first seven years of the Association's existence. Neither the Declaration nor the Bylaws, however, state that the Declarant is not obligated to appoint a Board or that the Declarant may act in lieu of the Board. Thus, it is clear that the Declaration contemplated the creation of a Board of Directors, as well as the legal and procedural safeguards the creation of such a board would provide to the property owners. See *Saunders v. Thorn Woode Partnership*, 265 Ga. 703, 704 (2) (462 SE2d 135) (1995) (recognizing that the board of directors of a homeowners' association is legally required to exercise its authority in a way that is "procedurally fair and reasonable," to make its "substantive decision[s] . . . in good faith," and to make decisions that are "reasonable and not arbitrary [or] capricious") (citation omitted); *Bailey v. Stonecrest Condominium Assn.*, 304 Ga. App. 484, 494 (3) (696 SE2d 462) (2010) (recognizing that members of a homeowners' association's board of directors may be held liable for breach of fiduciary duty)

6

Given that no Board of Directors was ever appointed, there was no body that had the authority to levy the assessments at issue. Under the terms of the Declaration of Covenants, therefore, Hall was not required to pay those assessments. The order of the trial court granting summary judgment against Hall and awarding the Association monetary damages and attorney fees is reversed. On remand, judgment should be entered in favor of Hall on the Association's complaint. We leave it for the trial court to determine whether Hall is entitled to an award of attorney fees.

*Judgment reversed and case remanded with direction. Miller, P. J., and Ray, J., concur.*