## MARYON *v.* CITY OF ATLANTA.

It is not a prerequisite to suit against a municipal corporation in this State, for injury to person or property, that the written notice required under the Civil Code, § 910, should specify any amount of money claimed as damages.

No. 1059.   APRIL 15, 1919.

Question certified by Court of Appeals (Case No. 9685).

*Hines & Jordan,* for plaintiff.

*J. L. Mayson* and *S. D. Hewlett,* for defendant.

FISH, C. J.   The Court of Appeals desires instruction from the Supreme Court upon the following question involved in this case: "In order to comply with section 910 of the Civil Code of 1910, requiring that a claim in writing be presented to the governing authority of a municipality before suit to enforce a demand for 'money damages' on account of injuries to person or property, is it essential that any particular amount of money as damages shall be named or specified therein?"

As this question must, in our opinion, be answered in the negative, such answer will necessarily cover the other questions propounded, thus making it unnecessary to specifically set them forth, as well as the answers thereto.

Section 910 of the Civil Code declares: "No person, firm or corporation, having a claim for money damages against any munici-

pal corporation of this State on account of injuries to person or property, shall bring any suit at law or equity against said municipal corporation for the same, without first presenting in writing such claim to the governing authority of said municipality for adjustment, stating the time, place, and extent of such injury, as near as practicable, and the negligence which caused the same, and no such suit shall be entertained by the courts against such municipality until the cause of action therein has been first presented to said governing authority for adjustment; provided, that upon the presentation of such claim said governing authority shall consider and act upon the same within thirty days from said presentation, and that the action of said governing authority, unless it results in the settlement thereof, shall in no sense be a bar to a suit therefor in the court; provided, that the running of the statute of limitations shall be suspended during the time that the demand for payment before such authorities is pending, without action on their part." The statute codified in this section is in derogation of common right, and should be strictly construed as against the municipality, and it was so construed in *Langley* v. *Augusta,* 118 *Ga.* 590 (11), 600 (45 S. E. 486, 98 Am. St. R. 133), where it was held that the statute "does not require absolute exactness of description, but simply that information as to the matters referred to may be given with sufficient definiteness to enable the city authorities to examine into the alleged injuries and determine whether the claim shall be adjusted without suit." Mr. Justice Cobb, speaking for the court, said in the opinion, referring to the act in question: "This act does not contemplate that the notice shall be drawn with all of the technical niceties necessary in framing a declaration. The purpose of the law was simply to give to the municipality notice that the citizen or property owner has a grievance against it. It is necessary only that the city shall be put on notice of the general character of the complaint, and, in a general way, of the time, place, and extent of the injury. The act recognizes, by the use of the words 'as near as practicable,' that absolute exactness need not be had. A substantial compliance with the act is all that is required; and when the notice describes the time, place, and extent of the injury with reasonable certainty, it will be sufficient." In this connection was cited Lane *v.* Madison, 86 Wis. 453 (57 N. W. 93); Barrett *v.* Hammond, 87 Wis. 654 (58

N. W. 1053) ; City of Denver *v.* Barron, 6 Colo. App. 72 (39 Pac. 989) ; McCabe *v.* Cambridge, 134 Mass. 484; Cloughessey *v.* Waterbury, 51 Conn. 405 (50 Am. R. 38). In *City of Rome* v. *Selman,* 135 *Ga.* 504 (69 S. E. 707), the act was given a liberal construction in favor of the person claiming damages against a municipality. "When the statute which makes the filing of a claim with the municipal authorities a condition precedent to the maintenance of an action thereon contains no specific requirement that the amount of the claim be set out, the requirement of the statute is satisfied by a statement of the facts upon which the claim is based. The addition of the amount is unnecessary, and, if set forth, mere surplusage, and does not bar a recovery of a greater sum." 19 R. C. L. § 333, citing Johnson *v.* Bay City, 164 Mich. 251 (129 N. W. 29, Ann. Cas. 1912B, 866, and note). The Johnson case cites Oesterreich *v.* Detroit, 137 Mich. 415 (100 N. W. 593), Morgan *v.* Lewiston, 91 Me. 566 (40 Atl. 545), and Burdick *v.* Richmond, 16 R. I. 502 (17 Atl. 917), which we find, on examination, sustain the ruling for which they are cited.

In 5 Thompson on Negligence, § 6328, the author says: "In general, statutes which require notice to be given, before actions of this kind [cases for injuries on highways] can be prosecuted against the municipality, provide that the notice shall embrace a statement of the time, place, cause, and nature of the injury; that is to say, of the time when it happened, the place where it happened, the defect or deficiency in the highway which caused it to happen, and the nature and extent of the injury received therefrom. . . In general, it will be sufficient if substantial accuracy is attained in the notice in respect of each of these four particulars; though there are decisions which construe the statute with draconic strictness. It is believed that many of the cases cited in the following sections will show that, in dealing with this subject, the courts have often been too technical, and have converted into a trap and pitfall for the ignorant and unskilful a statute which was merely designed to require a person injured to furnish the municipal corporation with such information that its proper officers might make such an inspection as would enable them to decide whether the corporation ought fairly to pay the damages or defend an action therefor. The courts ought to have adopted the analogy of the rule of law with reference to the kind of notice which, in other relations, is

sufficient to establish ordinary civil rights, or to charge one with a civil liability; which would have resulted in the conclusion that, in the absence of any intention to mislead, a misdescription or insufficiency of description, in such a notice of 'the time, place, cause, and nature of the injury,' which has not in fact misled, does not vitiate the notice where it contains enough to put an ordinarily prudent person upon inquiry."

The statute of this State as to notice to be given the municipality does not specifically require the amount of the claim for money damages to be stated in the notice, but does expressly require to be set forth, "the time, place, and extent of such injuries, as near as practicable, and the negligence which caused the same." The words "extent of such injury" do not mean the amount of damages claimed in dollars and cents, but mean the nature, character, and particulars of the injury, and which should be stated "as near as practicable." If the statutory requirement of the notice should be substantially complied with as to time, place, and extent of the injury, and the negligence which caused it, why should the amount of the damages in money be stated? The amount, if stated, would not be binding upon the person injured in a subsequent suit for the injury; for it has often been held by many courts of last resort that the plaintiff in such action could sue for a greater or less amount than that stated in the prior notice, and could recover for a larger or lesser amount.

It follows, of course, that the notice in this case which stated the time, place, and extent of the plaintiff's injury, and the negligence which caused the same, and prayed that upon consideration "just compensation for such injury" be awarded, sufficiently met the requirements of the statute.

*All the Justices concur.*