49716. RAINWATER et al. v. VAZQUEZ.

QUILLIAN, Judge.
This appeal arose out of an action for damages resulting from an automobile collision. The plaintiff sought service on the defendant under the Nonresident Motorist Act (Ga. L. 1937, pp. 732, 733, as amended; Code Ann. Ch. 68-8) and under the Long Arm Statute (Ga. L. 1966, p. 343; 1970, pp. 443, 444; Code Ann. § 24-113.1 et seq.). The defendant filed an answer and special plea which set out that no service was obtained upon her based on the contention that she was a resident of this state at the time of the collision in question.

After affidavits, interrogatories and documents were introduced in this regard the trial judge entered the following order: "The defendant's motion to dismiss as stated in the 'First Defense' as changed to a motion for summary judgment by the filing of affidavits and the consideration of answers to interrogatories and all documentary evidence is hereby sustained and it is ordered and adjudged that the motion is hereby granted and the complaint is dismissed with prejudice, with costs against the plaintiffs."

In answer to this court's certified question, the Supreme Court has recently ruled that a motion for summary judgment cannot be granted on matters in abatement. *Ogden Equipment Co. v. Talmadge Farms,*

232 Ga. 614 (208 SE2d 459).

While, unless the court otherwise specifies, a dismissal operates as an adjudication upon the merits, this does not apply to a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party. See CPA § 41 (Code Ann. § 81A-141; Ga. L. 1966, pp. 609, 653).

It was therefore error for the trial judge to treat the motion as equivalent to a motion for summary judgment and to dismiss the complaint with prejudice. The case is reversed and remanded with direction that the trial judge consider the motion under the proper code sections, to wit: Code Ann. §§ 81A-112 (d) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693) and 81A-143 (b) (Ga. L. 1966, pp. 609, 654; 1968, pp. 1104, 1108).

*Judgment reversed with direction. Bell, C. J., and Clark, J., concur.*

ARGUED SEPTEMBER 10, 1974 — DECIDED OCTOBER 29, 1974.

*Swift, Currie, McGhee & Hiers, Glover McGhee,* for appellants.

*Dennis & Fain, Dennis J. Webb,* for appellee.