65678. JONES et al. v. CITY OF AUSTELL.

SOGNIER, Judge.

Paul and Martha Jones sued the City of Austell for property damages resulting from a gas explosion at a residence owned by them and rented by Connie and Cecil Coursey. The Joneses alleged that a serviceman employed by the Austell Gas Company (agent of the City of Austell) negligently serviced the gas system. The trial court granted the city's motion for summary judgment because the Joneses failed to comply with the notice provisions of OCGA § 36-33-5 (Code Ann. § 69-308). The Joneses appeal.

Appellants contend that the trial court erred in granting summary judgment in favor of the city because they had sub-

stantially complied with the notice provisions of the statute.

The explosion took place on February 15, 1978 causing extensive property damage and personal injuries to Connie Coursey. The Courseys notified the city of their claim on February 21, 1978 and filed a separate action against the city. On March 1, 1978 the Joneses' insurance carrier sent a notice of subrogation to the city. On July 5, 1978, in accordance with OCGA § 36-33-5 (Code Ann. § 69-308), the Joneses notified the city by letter of their claim for property damage. The instant suit for property damage was filed on July 10, 1978. The record indicates that no action was taken by the city on the claim prior to the filing of the lawsuit.

OCGA § 36-33-5 (Code Ann. § 69-308) provides that ante litem notice be given the city as a condition precedent to suit against the city. *Shoemaker v. Aldmor Management,* 249 Ga. 430 (291 SE2d 549) (1982). The statute provides that "No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment." OCGA § 36-33-5 (b) (Code Ann. § 69-308); and "Upon the presentation of such claim, the governing authority shall consider and act upon the claim within 30 days from the presentation . . ." OCGA § 36-33-5 (c) (Code Ann. § 69-308). The act contemplates that suit shall not be brought until after the municipal authorities have acted upon the claim, or have failed to take action thereon within thirty days. *Saunders v. City of Fitzgerald,* 113 Ga. 619 (38 SE 978) (1901).

Appellants argue that the Courseys' notice of February 21, 1978 and the insurance company's March 1, 1978 notice of subrogation are sufficient to put the city on notice of their claim. We do not agree.

While we recognize that substantial compliance with the statute is all that is necessary, *Bush v. City of Albany,* 125 Ga. App. 558, 561 (188 SE2d 245) (1972), the purpose of the notice requirement is to apprise the city of the claim in order for it to determine whether or not to adjust the claim without suit. Id. at 561; *Tanner v. City of Gainesville,* 162 Ga. App. 405, 408 (290 SE2d 541) (1982). The specified elements of notice are " 'the time, place, and *extent of such injury,* as nearly as practicable, and the negligence which caused the same.' " (Emphasis supplied.) OCGA § 36-33-5 (b) (Code Ann. § 69-308); *Bush v. City of Albany,* supra, at 562. " '[E]xtent of such injury' . . . mean[s] the nature, character, and particulars of the injury, . . ." *Maryon v. City of Atlanta,* 149 Ga. 35, 38 (99 SE 116) (1919). Notice of a personal injury claim by a tenant is not sufficient as ante litem notice of a property damage claim by the landlord under the statute. See *Jones v. City Council of Augusta,* 100 Ga. App. 268

(110 SE2d 691) (1959).

Similarly, the March 1, 1978 letter from the Joneses' insurance carrier fails to set out the time, place, extent of injury, or negligence which caused the injury. It is nothing more than a subrogation notice letter and is not sufficient notice under OCGA § 36-33-5 (Code Ann. § 69-308). *Chiles v. City of Smyrna,* 146 Ga. App. 260 (246 SE2d 117) (1978).

The July 5, 1978 letter was not sufficient ante litem notice to the city, having been sent only five days prior to the filing of suit in the case. "The act by its terms clearly prevents the filing of a suit against the municipality until after the expiration of thirty days from the filing of the claim in writing with the municipal authorities as required." *City of Atlanta v. Truitt,* 55 Ga. App. 365, 366 (190 SE 369) (1937).

Although the trial court was correct in concluding that appellant had not complied with the ante litem notice requirements, the judgment was incorrect insofar as it was styled as the grant of a summary judgment rather than as the grant of a motion to dismiss. As we have stated, compliance with OCGA § 36-33-5 (Code Ann. § 69-308) is a condition precedent to filing suit against the city; however, we view the filing of suit against the city prior to the expiration of 30 days from the time of filing the claim as a matter that is properly raised as a plea in abatement and not a proper subject for summary judgment. *Jones v. Doe,* 143 Ga. App. 451 (238 SE2d 555) (1977). Summary judgment motions contemplate a judgment on the merits of the case and cannot be properly utilized to raise matters in abatement. *Ogden Equip. Co. v. Talmadge Farms,* 232 Ga. 614 (208 SE2d 459) (1974).

*Saunders v. City of Fitzgerald,* supra, does not control the procedural aspects of the instant case. In *Saunders* the Supreme Court sustained a demurrer to the petition because of a failure to specifically plead the required facts. It is not clear from a reading of the case that proper notice had not been given nor that the suit was filed prior to the expiration of the 30 days.

In cases where the merits could not have been reached because of the failure of the plaintiff to satisfy a precondition, the appropriate action is dismissal of the case on motion. Such a dismissal should be without prejudice, *Douglas v. Douglas,* 238 Ga. 452 (233 SE2d 195) (1977), and, having no res judicata effect, would not bar the filing of another suit. See *National Heritage Corp. v. Mt. Olive Memorial Gardens,* 244 Ga. 240 (260 SE2d 1) (1979).

We, therefore, reverse and remand the case for further action not inconsistent with this opinion. *Rainwater v. Vazguez,* 133 Ga. App. 173 (210 SE2d 380) (1974).

*Judgment reversed and case remanded. Quillian, P. J., and Pope, J., concur.*

DECIDED JUNE 6, 1983.

*Gary M. Goldsmith,* for appellants.
*Earl J. Van Gerpen, Kenneth L. Shigley,* for appellee.