## A03A2225. CUNDY v. CITY OF SMYRNA.
### (591 SE2d 447)

ELLINGTON, Judge.

Rosemary Cundy appeals from the grant of partial summary judgment on her tort claims against the City of Smyrna. We find that, because the record shows that Cundy failed to give timely written ante litem notice to the city as a matter of law, the trial court properly granted summary judgment on these claims.

The record shows the following undisputed facts: the claims at issue arose from flooding of Cundy's home when a sewer backed up in October 1999. Over 16 months later, in March 2001, her home was again flooded under similar circumstances. In May 2001, Cundy gave the city written notice of her claims for damages resulting from both flooding incidents. In her complaint, she asserted that the two incidents constituted a continuing nuisance.

The city moved for summary judgment on the basis that Cundy

---

failed to give timely written ante litem notice as to her 1999 claims. Following a hearing, the trial court granted the city's motion as to the claims resulting from the October 1999 incident,[1] and she appeals.

Under OCGA § 36-33-5, a claimant must give written notice to a municipality of a suit for damages to person or property "[w]ithin six months of the happening of the event" upon which the claim is predicated. See *Clark v. City of Smyrna*, 212 Ga. App. 598, 599 (1) (442 SE2d 461) (1994) (oral notice to the municipality is insufficient). In *City of Chamblee v. Maxwell*, 264 Ga. 635, 636-637 (452 SE2d 488) (1994), the Supreme Court held that, under this statute, claims against municipalities based upon any event occurring more than six months before written ante litem notice was given were barred, even if the event was part of a continuing pattern of events, such as a continuing trespass or nuisance. According to the Court, this construction fulfills the statute's purpose, which is to "afford city officials the opportunity to take proper steps to abate a continuing nuisance or trespass before the effects thereof become great or far-reaching." (Citation omitted.) Id. at 637.

Therefore, Cundy's claims from the October 1999 flooding, which occurred more than six months prior to her May 2001 ante litem notice, were barred as a matter of law under OCGA § 36-33-5. The trial court did not err in granting the city summary judgment on these claims.

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 3, 2003.

*Scott A. Hart*, for appellant.
*Misner, Scott & Grate, Donald J. Grate*, for appellee.

---

[1] Cundy subsequently dismissed with prejudice her claim that was based upon the March 2001 incident.