A05A1425. DAVIS et al. v. CITY OF FORSYTH.
(621 SE2d 495)

MIKELL, Judge.

Ronald H. Davis and Beverly Davis filed an action against the City of Forsyth in 2001 seeking injunctive relief and damages for a continuing nuisance based on repeated sewage overflows onto their property dating to the early 1990s. The Davises amended their complaint in 2003 to add a personal injury claim.[1] The City moved for partial summary judgment, which the trial court granted, ruling that the personal injury claim was barred due to the plaintiffs' failure to assert it in the ante litem notice given to the City on May 9, 2001.[2] The court also ruled, in accordance with binding Supreme Court precedent,[3] that all claims for property damage occurring prior to six months preceding the date of the notice were barred. The Davises appeal. Applying a de novo standard of review,[4] we affirm.

1. The Davises assign error to the trial court's determination that their ante litem notice did not sufficiently state a claim for bodily injury. Although, on appeal from the grant of a summary judgment, we view the evidence, as well as all reasonable conclusions that may be drawn from it, in the light most favorable to the Davises,[5] we agree with the trial court's ruling.

An ante litem notice is a prerequisite to the filing of suit against a municipality.[6] The pertinent Code section, OCGA § 36-33-5 (b), requires a claimant "[w]ithin six months of the happening of the event

---

[1] The Davises also sought punitive damages in the amended complaint. The trial court granted summary judgment to the City on that claim, and the Davises do not appeal that ruling.

[2] OCGA § 36-33-5.

[3] *City of Chamblee v. Maxwell*, 264 Ga. 635, 636 (452 SE2d 488) (1994).

[4] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[5] Id.

[6] OCGA § 36-33-5 (b).

upon which a claim . . . is predicated" to present the claim in writing, "stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury. No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment." The purpose of the ante litem notice requirement is to give the municipality "the opportunity to investigate potential claims, ascertain the evidence, and avoid unnecessary litigation."[7]

The Davises, through counsel, provided ante litem notice to the City on May 9, 2001. The notice, a two-page letter, thoroughly details the history of the sewage backups dating to the early 1990s and the various unsuccessful measures taken to alleviate the problem. The letter states that it serves as notice that the City is maintaining a public and private nuisance by permitting an inadequate sewer line to serve the Davises' neighborhood. Significantly, the letter does not state that the Davises seek to recover for personal injuries. Although the notice states that the sewage backup has "caused an ongoing health hazard," it only requests "monetary damages in the form of lost rental income, lost wages, expenses, and aggravation." The letter attributes the lost wages to "lost time from work . . . in having to deal with this problem."

We recognize that "[s]ubstantial compliance with the requirements of OCGA § 36-33-5 is all that is necessary [and that] [t]he statute is in derogation of the common law and must be strictly construed against the municipality."[8] But the notice must provide enough information to enable the municipality to conduct an investigation into the alleged injuries and determine if the claim should be settled without litigation.[9] To that end, the statute requires the notice to state the "extent of the injury," which we have defined as "the nature, character, and particulars of the injury."[10] A statement that sewage overflows pose a "health hazard" does not serve as notice of "the nature, character, and particulars" of a personal injury claim. The letter does not state that the claimants had suffered any injury to their persons. Therefore, the City could not determine whether any such claim should be settled without litigation. It follows that the

[7] (Citation and footnote omitted.) *City of Columbus v. Barngrover*, 250 Ga. App. 589, 596 (4) (552 SE2d 536) (2001).

[8] (Footnotes omitted.) *Canberg v. City of Toccoa*, 245 Ga. App. 75, 77 (1) (535 SE2d 854) (2000).

[9] Id. at 77-78 (1). Compare *Rabun v. McCoy*, 273 Ga. App. 311, 315 (1) (615 SE2d 131) (2005); *Jones v. City of Austell*, 166 Ga. App. 808, 809 (305 SE2d 653) (1983).

[10] (Punctuation omitted.) *Jones*, supra, citing *Maryon v. City of Atlanta*, 149 Ga. 35, 38 (99 SE 116) (1919).

Davises' notice did not substantially comply with the requirement that the claimant notify the City of the extent of such an injury.[11]

2. Nor did the trial court err in granting summary judgment with respect to the Davises' claims for property damage that occurred before November 9, 2000, which is six months preceding the ante litem notice. As noted above, a claimant must give written notice to a municipality of a suit for damages to person or property "[w]ithin six months of the happening of the event" upon which the claim is predicated.[12] In *City of Chamblee v. Maxwell*,[13] our Supreme Court construed this Code section as barring claims against municipalities based upon any event occurring more than six months before written ante litem notice was given, even if the event was part of a continuing trespass or nuisance.[14] Specifically, the Court held that "upon giving the six-month notice required by OCGA § 36-33-5, a property owner who incurs damage as a result of a continuing nuisance or trespass maintained by a municipality is entitled . . . to recover only those damages incurred during the six months preceding the giving of such notice."[15] According to the Court, this construction fulfills the statute's purpose, which is to "afford city officials the opportunity to take proper steps to abate a continuing nuisance or trespass before the effects thereof become great or far-reaching."[16] *City of Chamblee* is apposite and controlling. Thus, the trial court correctly ruled that the Davises cannot recover damages for any injury to their property that happened prior to six months before May 9, 2001, the date on which they sent the notice.

The Davises argue that a letter Ronald Davis sent to the City on September 6, 1994, constituted ante litem notice of their property damage claim, and, as a result, that they are entitled to recover damages for all nuisance "events" dating from six months preceding the 1994 letter until suit was filed in 2001.[17] This argument is misplaced. Although the 1994 letter appears to be a proper ante litem notice, the four-year statute of limitation applicable to property damage claims, OCGA § 9-3-30, bars such claims based on flooding events which predate November 9, 2000. "A property owner who incurs damage as a result of a continuing nuisance or trespass maintained by a municipality is entitled, *within the four-year period*

---

[11] See *Rabun,* supra.

[12] OCGA § 36-33-5 (b).

[13] Supra.

[14] Id. at 637.

[15] Id.

[16] Id. Accord *Rabun,* supra.

[17] The record reveals that the City paid Davis $5,434 out of $5,797.60 allegedly demanded by him in 1994.

*of limitations*, to recover only those damages incurred during the six months preceding the giving of the notice required by OCGA § 36-33-5."[18] Having failed to file an action until 2001, the Davises are barred from recovering for any damages sustained beginning from six months preceding the 1994 notice until November 9, 2000.

The Davises contend that the statute of limitation does not apply because the sewage overflows constituted a public nuisance. "The . . . statute of limitations does not run in favor of . . . public nuisances [because] of the impropriety of imputing laches to the public."[19] The distinction between public and private nuisances is codified in OCGA § 41-1-2. "A public nuisance is one which damages all persons who come within the sphere of its operation, though it may vary in its effects on individuals. A private nuisance is one limited in its injurious effects to one or a few individuals."[20] "[A] public nuisance must injure *all* members of the public who come in contact with it."[21] "An illustration of a public nuisance is the unauthorized placing of an obstacle across a public highway."[22]

In the case at bar, there is no evidence in the record that the City's sewer line injured all members of the public who came in contact with it. In her deposition, Beverly Davis testified that when the sewage backups began in 1994, she was not sure whether any of her neighbors also experienced problems. Mrs. Davis also deposed that her neighbors across the street, who had verbally agreed to buy the Davises' property, were unaware of any sewage issues until 2001, when severe flooding occurred. The only time Mrs. Davis testified that the flooding affected any other neighbors was when she was questioned about names appearing on her witness list. Mrs. Davis testified that those neighbors knew about the flooding on the Davis property and had problems with sewage backups themselves. She did not testify when this flooding occurred. As there is no evidence that the sewer line at issue injured more than a few individuals who came into contact with it, it did not constitute a public nuisance.[23]

3. Finally, the Davises assert that the grant of partial summary judgment should be reversed because the issue of compliance with the ante litem notice requirements is a matter in abatement and should

---

[18] (Punctuation omitted; emphasis supplied.) *City of Roswell v. Bolton*, 271 Ga. App. 1, 5 (3) (608 SE2d 659) (2004), citing *City of Chamblee*, supra at 637.

[19] (Citations and punctuation omitted.) *Anneberg v. Kurtz*, 197 Ga. 188, 194 (2) (28 SE2d 769) (1944) (discussing the issue of prescriptive rights).

[20] OCGA § 41-1-2.

[21] (Citation and punctuation omitted; emphasis in original.) *United Refrigerated Svcs. v. Emmer*, 218 Ga. App. 865, 866 (2) (463 SE2d 535) (1995).

[22] *Watkins v. Pepperton Cotton Mills*, 162 Ga. 371, 374 (134 SE 69) (1926).

[23] *United Refrigerated Svcs.*, supra.

have been resolved on motion to dismiss. However, "if the [issue] is raised for resolution in the trial court and it has not otherwise been waived by the defendant, the nomenclature of the pleading which raises that issue should not be a material consideration."[24] Moreover, reversal would not be required in the event that a trial court erred in resolving a matter in abatement on motion for summary judgment. The appropriate remedy would be to vacate and remand for the entry of an order dismissing the claims upon which judgment was granted.[25]

4. Nevertheless, the Davises correctly point out that much confusion exists surrounding the appropriate vehicle for disposing of a municipality's assertion that a plaintiff has failed to comply with the ante litem requirements of OCGA § 36-33-5 (b).[26] We endeavor to provide guidance on this issue, starting with the distinction between a motion for summary judgment and a plea in abatement.

Summary judgment is deemed appropriate only to matters relating to the merits of a proceeding and does not apply to matters in abatement.[27]

> A plea in abatement is a dilatory plea. Dilatory pleas are such as tend merely to defeat plaintiff's remedy or to delay or put off the suit by questioning the propriety of the remedy rather than by denying the injury; they are merely preliminary steps in the action prior to its substantial defense. Pleas in abatement are, likewise, such as only go to defeat the pending action for the time being and question the right to maintain it without going to the merits of the action or tending to show that plaintiff has no cause of action.[28]

In *Jones v. City of Austell*,[29] we held that compliance with OCGA § 36-33-5 was a condition precedent to the filing of suit against a city, and that the plaintiff's failure to satisfy that condition by filing suit before the expiration of 30 days from the time of giving notice[30] should have been raised as a plea in abatement, and not on summary

---

[24] (Citation omitted.) *Cheshire Bridge Enterprises v. Lexington Ins. Co.*, 183 Ga. App. 672, 674 (2) (359 SE2d 702) (1987) (discussing pleas in abatement).

[25] Id. at 675 (2). Accord *Nicholas v. Van*, 252 Ga. App. 411, 414 (556 SE2d 497) (2001). Compare *Jones*, supra at 810 (reversed and remanded for entry of order of dismissal without prejudice).

[26] *Vaillant v. City of Atlanta*, 267 Ga. App. 294, n. 2 (599 SE2d 261) (2004).

[27] (Citations omitted.) *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614, 615 (208 SE2d 459) (1974) (addressing affirmative defenses codified in OCGA § 9-11-12 (b)).

[28] (Citation and punctuation omitted.) *Theo v. Nat. Union Fire Ins. Co.*, 99 Ga. App. 342, 347 (3) (109 SE2d 53) (1959).

[29] Supra.

[30] See OCGA § 36-33-5 (c).

judgment.[31] We stated that "[i]n cases where the merits [cannot be] reached because of the failure of the plaintiff to satisfy a precondition, the appropriate action is dismissal of the case on motion . . . without prejudice."[32]

Citing *Jones*, the Supreme Court in *City of Chamblee* held that, because the plaintiff had failed to give any notice before filing suit, any claim for damages resulting from a continuing trespass incident that occurred within the six-month period prior to filing the complaint would be subject to a plea in abatement, whereas summary judgment was proper as to any incident which happened more than six months before the complaint was filed.[33]

Following the rule set out in *City of Chamblee*, we affirmed the summary judgment granted to the municipality in *Cundy v. City of Smyrna*,[34] holding that the plaintiff's claims arising from a 1999 sewage overflow incident, which occurred more than six months prior to her 2001 ante litem notice, were barred as a matter of law under OCGA § 36-33-5. In *Canberg v. City of Toccoa*,[35] the City filed a motion for partial judgment on the pleadings as to the sufficiency of the ante litem notice. The trial court considered matters outside the pleadings, including certain affidavits, thus converting the motion into one for summary judgment.[36] The use of the summary judgment method was not challenged on appeal, although the case was reversed on the merits based on the plaintiffs' substantial compliance with the ante litem notice requirements.[37]

But the year after *Canberg* was decided, we held in *Nicholas v. Van*[38] that the appropriate method for disposing of the defendant city's assertion that the ante litem notice was untimely was dismissal of the claims against the city rather than summary judgment.[39] Finally, contrary to the City's argument in the case at bar, our recent decision in *Rabun v. McCoy*[40] did not attempt to resolve this issue, noting only that the trial court had considered the defendant city's

---

[31] *Jones*, supra.
[32] (Citation omitted.) Id.
[33] *City of Chamblee*, supra at 638.
[34] 264 Ga. App. 535, 536 (591 SE2d 447) (2003).
[35] Supra.
[36] Id. at 77.
[37] Id. at 78 (1).
[38] Supra.
[39] Id. at 412-413.
[40] Supra.

motion for summary judgment as one to dismiss, relying on *Nicholas*.[41] However, on appeal, we analyzed the case in the summary judgment context because of the need to consider evidence in the record.[42]

The cases illustrate the need for flexibility in determining whether compliance with the ante litem notice requirements is properly considered a matter in abatement, which should be raised in a motion to dismiss. Although technically, a city's assertion of noncompliance merely questions "the propriety of the remedy rather than . . . denying the injury,"[43] there are cases which raise issues requiring the consideration of matters outside the pleadings, in which case a summary judgment analysis will be appropriate.

In the case at bar, the facts are aligned with *City of Chamblee*[44] and *Cundy*,[45] which are binding precedents. Moreover, the trial court's order recites that the court considered all evidence of record, which presumably includes the Davises' depositions. Therefore, the trial court correctly utilized summary judgment standards in finding in favor of the City as to the claims for personal injury and property damage based on sewage overflows that occurred prior to November 9, 2000.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 9, 2005 —
RECONSIDERATION DENIED OCTOBER 6, 2005 — ▮▮▮▮▮▮

*Anderson, Walker & Reichert, Jeffery O. Monroe*, for appellants.
*Gray, Rust, St. Amand, Moffett & Brieske, Harvey S. Gray, Laura J. Geissler, Haygood, Lynch, Harris, Melton & Watson, C. Robert Melton*, for appellee.

---

[41] Id. at n. 1.
[42] Id.
[43] *Theo*, supra.
[44] Supra.
[45] Supra.