A07A1106. HARRIS-JACKSON v. CITY OF COCHRAN.

(652 SE2d 607)

RUFFIN, Judge.

Frankie Mae Harris-Jackson sued the City of Cochran, alleging she was injured when her car struck a negligently maintained manhole cover. The City moved for summary judgment on the grounds that Harris-Jackson failed to provide ante litem notice as required by OCGA § 36-33-5. The trial court granted summary judgment to the City, and Harris-Jackson appeals. Finding no error, we affirm.

A trial court properly grants summary judgment when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] In reviewing a trial court's grant of summary judgment, we apply a de novo standard of review, and we view the evidence and all reasonable inferences therefrom in a light most favorable to the nonmoving party.[2]

Viewed in this manner, the record shows that Harris-Jackson filed a complaint, alleging that, on August 17, 2004, she injured herself when "[t]he left front wheel of [her] vehicle dropped into [a] manhole[,] causing extensive damage to the vehicle." Harris-Jackson sought, inter alia, payment of $26,504 in medical expenses and $4,500 in lost wages. The City then moved for summary judgment, arguing that Harris-Jackson had not complied with OCGA § 36-33-5, which requires a person suing a municipal corporation for injury to

---

[7] See *In the Interest of A. H.*, supra at 195-196 (2); *In the Interest of T. J.*, 281 Ga. App. 673, 675 (1) (637 SE2d 75) (2006).

[1] See OCGA § 9-11-56 (c); *Williams v. Ga. Dept. of Transp.*, 275 Ga. App. 88 (619 SE2d 763) (2005).

[2] See id.

person or property to provide written notice of the claim within six months of the event leading to the claim.[3]

Shortly thereafter, Harris-Jackson amended her complaint to allege that written notice was provided on August 20, 2004. A notice of claim was purportedly prepared by a woman named Diane Rewis, which stated that Harris-Jackson had "struck a manhole with an unsecured cover. The cover flipped up underneath the vehicle causing extensive damage to the vehicle." Harris-Jackson included an affidavit from a legal assistant in which the assistant swore that she had spoken to Rewis on the telephone and that Rewis "told [her] that she faxed the Notice of Claim . . . concerning [Harris-Jackson] to the City of Cochran on August 20, 2004."

Notwithstanding the amendment to the complaint, the trial court granted summary judgment to the City. Specifically, the court found that Rewis worked for an insurance company that represented the City's interests and had not acted on behalf of Harris-Jackson in filing the notice of claim. Thus, the court found that the notice of claim did not "constitute proper ante litem notice." Harris-Jackson appeals, arguing that the trial court erred in finding that she had not substantially complied with OCGA § 36-33-5 and in determining that Rewis represented the interests of the City's insurer.

"Satisfaction of [the ante litem] notice requirement is 'a condition precedent to bringing suit against a municipal corporation for damages resulting from injuries to person or property.' "[4] "The purpose of the ante litem notice requirement is to give the municipality 'the opportunity to investigate potential claims, ascertain the evidence, and avoid unnecessary litigation.' "[5] Substantial compliance with the statute is all that is required.[6] To comply substantially, the notice must contain sufficient information so that the City can investigate the injuries alleged and determine if the claim should be settled without litigation.[7] As the Supreme Court recently reiterated, "[t]he information supplied will be deemed sufficient if it puts a municipality on notice of the 'general character of the complaint, and, in a general way, of the time, place, and extent of the injury.' "[8] The term extent of the injury "mean[s] the nature, character, and particulars of the injury."[9]

---

[3] See OCGA § 36-33-5 (a), (b).

[4] *Atlanta Taxicab Co. Owners Assn. v. City of Atlanta*, 281 Ga. 342, 350 (5) (638 SE2d 307) (2006).

[5] *Davis v. City of Forsyth*, 275 Ga. App. 747, 748 (1) (621 SE2d 495) (2005).

[6] See id.

[7] See id.

[8] *Atlanta Taxicab*, supra at 352.

[9] *Maryon v. City of Atlanta*, 149 Ga. 35, 38 (99 SE 116) (1919).

Here, there is no evidence in the record that the City received timely ante litem notice that Harris-Jackson sustained an injury, much less the nature, character or particularities of any such injury. Rather, the notice merely established that Harris-Jackson sustained damage to her vehicle. Under these circumstances, it cannot be said that Harris-Jackson substantially complied with OCGA § 36-33-5 (b) as notice of property damage is not sufficient to apprise the City of a personal injury claim.[10]

Even if we were to conclude that notice of a property damage claim constituted notice of a personal injury claim, Harris-Jackson's claim still fails as there is no competent evidence that any ante litem notice was provided to the City. Once the City moved for summary judgment asserting lack of ante litem notice, the burden shifted to Harris-Jackson to present evidence negating the City's assertion.[11] Harris-Jackson attempted to do this by providing the affidavit of a legal assistant who testified that Rewis said she had faxed the notice of claim to the City. This testimony is clearly hearsay, which cannot be considered in support of a motion for summary judgment.[12]

Given the lack of competent evidence that proper ante litem notice was provided to the City, the trial court correctly granted the City's motion for summary judgment.[13] Although our reasoning differs from that of the trial court, a judgment right for any reason will be affirmed.[14]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED OCTOBER 2, 2007.

*Moore & Hawthorne, Wilbur J. Moore*, for appellant.
*Chambless, Higdon, Richardson, Katz & Griggs, Norman C. Pearson III*, for appellee.

---

[10] See *Jones v. City of Austell*, 166 Ga. App. 808, 809 (305 SE2d 653) (1983) (notice of tenant's personal injury does not constitute ante litem notice of landlord's property claim).

[11] See *Hicks v. Newman*, 283 Ga. App. 352, 354 (641 SE2d 589) (2007).

[12] See *White Missionary Baptist Church v. Trustees of First Baptist Church of White, Ga.*, 268 Ga. 668, 669 (1) (492 SE2d 661) (1997).

[13] See *Davis*, supra at 749.

[14] See *Riverview Condo. Assn. v. Ocwen Fed. Bank*, 285 Ga. App. 7, 10 (2) (b) (645 SE2d 5) (2007).