A11A0262. CITY OF MOULTRIE v. PRICE et al.

(713 SE2d 880)

BARNES, Presiding Judge.

Bobby Price sued the City of Moultrie, alleging that he sustained losses in a fire on his property that occurred due to Moultrie's negligent maintenance of a power line. Moultrie moved for summary judgment, arguing that Price failed to provide a proper ante litem notice as required by OCGA § 36-33-5 (b). After the trial court denied the motion, Moultrie filed an application for interlocutory appeal, which we granted. Moultrie argues the trial court erred in denying the motion for summary judgment. After reviewing the record, we find that the ante litem notice delivered to Moultrie was insufficient to satisfy the requirements of OCGA § 36-33-5. Thus, the trial court erred in denying Moultrie's motion for summary judgment, and we reverse.

We recognize that OCGA § 36-33-5 "is in derogation of common law and must be strictly construed against the municipality," and consider the following evidence. (Citation and punctuation omitted.) *Canberg v. City of Toccoa*, 245 Ga. App. 75, 77 (1) (535 SE2d 854) (2000). Price owns property in Moultrie, Georgia, where he ran a small business. On July 23, 2006, a fire occurred at Price's property, and a corroded electric line was found to be the cause of the fire. The next day, Price and his insurance agent contacted the city, and an employee instructed them to contact another city employee who handled insurance issues. The second city employee gave Price "all the information that [he] needed about filing a claim," including the telephone number of Moultrie's insurance claims representative. The insurance representative instructed Price to "fax [his] losses and they'd look into it." Price and his agent faxed to the insurer a fire report prepared by the Moultrie Fire Department and an inventory list of items destroyed in the fire. After Price received a letter from the insurer rejecting his claim, he sued Moultrie on June 25, 2008, for property damages resulting from the city's negligence.

Satisfaction of the ante litem notice requirement is a condition

precedent to bringing suit against a municipal corporation for damages resulting from injuries to person or property. OCGA § 36-33-5 (a). See also *Harris-Jackson v. City of Cochran*, 287 Ga. App. 722, 723 (652 SE2d 607) (2007). OCGA § 36-33-5 (b) requires a claimant "[w]ithin six months of the happening of the event upon which a claim . . . is predicated" to present the claim in writing to the municipality "stating the time, place, . . . extent of the injury, . . . and the *negligence [that] caused the injury.*" (Emphasis supplied.) The purpose of the ante litem requirement is to give the municipality "the opportunity to investigate potential claims, ascertain evidence, and avoid unnecessary litigation." (Punctuation and footnote omitted.) *Davis v. City of Forsyth*, 275 Ga. App. 747, 748 (1) (621 SE2d 495) (2005). Substantial compliance with the statute is all that is required. Id. To comply substantially, the notice must contain sufficient information so that the City can investigate the injuries alleged and determine if the claim should be settled without litigation. Id.; see *Bush v. City of Albany*, 125 Ga. App. 558, 559 (188 SE2d 245) (1972) (notice detailed that appellant fell on a city street into a hole that "was dangerous in character, unlighted, and without barrier to warn or protect foot passengers along said street; petitioner did not know of the existence of the said hole, and was without fault in the transaction.").

Price claims that he satisfied the ante litem notice requirement by faxing to Moultrie the fire report and list of damaged items. He also contends that Moultrie's "alleged negligence . . . is contained within the allegations of the failing of the power line which [Moultrie] owned and maintained." However, the trial court erred in finding that the documents Price faxed to Moultrie were sufficient to show "the negligence which caused the injury" pursuant to OCGA § 36-33-5 (b).

While "substantial compliance" with the statute is sufficient to satisfy the requirements of OCGA § 36-33-5 (b), neither the fire department report nor the list of damaged inventory Price sent to the city's insurer indicated that the fire was caused by the city's negligence. In the report, the section designated for remarks by the fire officials contains a short summary of the event, in which the officials stated that an "electric power cable fell and ignited the woods" near Price's facility. The fire "escalated due to high winds," eventually damaging Price's property. The inventory list does not mention the fire at all.

Although Price contends that his oral conversations with Moultrie combined with his written notice are sufficient to comply with OCGA § 36-33-5 (b), we have held that "oral notice, even when combined with written notice, cannot satisfy the ante litem requirements." (Citations and punctuation omitted.) *Vaillant v. City of*

*Atlanta*, 267 Ga. App. 294, 296 (599 SE2d 261) (2004).

Accordingly, as Price's ante litem notice did not substantially comply with the requirements of OCGA § 36-33-5 (b), we reverse.

*Judgment reversed. Adams and Blackwell, JJ., concur.*

DECIDED JULY 8, 2011 — ▆▆▆▆▆▆▆▆

*Alexander & Vann, William C. Sanders*, for appellant.
*Joseph D. Weathers*, for appellees.

