**FIRST DIVISION
BARNES, P. J.,
MERCIER and LAND, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 20, 2023**

# In the Court of Appeals of Georgia

A23A0904. WALLACE v. CITY OF ATLANTA.

BARNES, Presiding Judge.

Jermaine and Dorothy Wallace, as the natural parents of their deceased minor son Jermaine Montel Wallace, filed this wrongful death action against the City of Atlanta ("City") and several other defendants after their son was struck and killed by a car on a roadway that allegedly lacked sufficient crosswalks and other safety measures to protect pedestrians. The City filed a motion to dismiss, contending that the Wallaces failed to comply with the requirements of the ante litem notice statute, OCGA § 36-33-5. The trial court granted the City's motion to dismiss, and the Wallaces now appeal from the court's dismissal order, as amended.[1] The Wallaces

---

[1] The Wallaces appealed the trial court's original order granting the City's motion to dismiss, but we dismissed the appeal because the Wallaces' claims against the other defendants remained pending in the court below. See *Wallace v. City of*

contend that the trial court erred in granting the motion to dismiss because the first notice that they sent to the City substantially complied with the statutory ante litem notice requirements; they were entitled to amend their first notice to add additional allegations against the City; and the ante litem notice requirements do not apply to their continuing nuisance claim. For the reasons discussed below, we affirm.

Our review of a trial court's grant of a motion to dismiss is de novo, and we construe the allegations of the complaint in the light most favorable to the plaintiffs. *Wright v. City of Greensboro*, 350 Ga. App. 685, 688 (830 SE2d 228) (2019). So construed, the Wallaces' complaint, as amended, alleged the following facts. Donald Lee Hollowell Parkway ("Parkway") is a four-lane state road located within the City. On the morning of September 6, 2019, a speeding car struck and killed Wallaces' son as he attempted to cross the Parkway on foot. There was no pedestrian crosswalk at the location where the car struck the Wallaces' son. At the time of the fatal accident, their son was walking with his friends to Frederick Douglas High School, a public

*Atlanta*, Case No. A23A0618 (dismissal order entered Dec. 7, 2022). Following the dismissal of the first appeal, the trial court amended its order to find that there was no just reason for delay and to direct the entry of judgment pursuant to OCGA § 9-11-54 (b), leading to the present appeal.

school that is part of the Atlanta Public Schools ("APS"), because his designated public school bus was unreliable and often did not arrive at the bus stop on time.

The Wallaces subsequently filed this wrongful death action against the City and other defendants, including the Georgia Department of Transportation ("GDOT") and the driver of the car, Antoinette Monique Peters. The Wallaces alleged that the City shared control and authority over the design and maintenance of the Parkway with the GDOT and knew of the dangers that the Parkway posed to pedestrians, but failed to include a sufficient number of crosswalks and other pedestrian safety devices on the Parkway, including in the area where their son was struck by the car. Consequently, the Wallaces asserted, the City was liable for the negligent design, inspection, and maintenance of the Parkway and for creating a continuing nuisance that resulted in their son's fatal injuries. The Wallaces further alleged that the City was negligent for failing to provide timely public school busing for their son, with the result that he had to walk to school on the morning of the accident and cross the Parkway.

Before filing their wrongful death action, the Wallaces sent an ante litem notice and an amended ante litem notice to the City. On February 21, 2020, the Wallaces sent their first ante litem notice to the Chairman of the Atlanta Board of Education,

3

the Superintendent of APS, the President of the Atlanta City Council, and the Mayor of the City ("Original Notice"). The Original Notice provided the date, time, and location of the accident and stated that the Wallaces were seeking $1,000,000 in monetary damages for their son's pain and suffering and wrongful death. Under a section entitled "Negligence which caused Injury," the Original Notice stated that the son's injuries were "directly attributable to the negligence of Atlanta Public Schools ("APS") arising out of its negligent maintenance and use of its school buses." The Original Notice further recited that APS owed a duty to properly inspect and maintain school buses to provide students with timely school bus transportation and that the APS had breached that duty, with the result that there was a shortage of operable school buses and the Wallaces' son had to walk to school on the day of the accident.

After retaining new counsel, the Wallaces sent an "Amended Ante Litem Notice" to the City's Mayor, the President of the Atlanta City Council, and the City's attorney on October 20, 2020 ("Amended Notice"). Among other things, the Amended Notice stated that in addition to the allegations included in the Original Notice, the City failed to provide an adequate number of crosswalks and other safety features to protect pedestrians on the Parkway, including failing to install safe

4

sidewalks and crosswalks in the area where the Wallaces' son attempted to cross the

Parkway and was struck by the car.

The City filed a motion to dismiss on the ground that the Wallaces failed to

substantially comply with the ante litem notice requirements imposed by OCGA § 36-

33-5.[2] The City argued that the Original Notice was insufficient under OCGA § 36-

---

[2] OCGA § 36-33-5 provides in part:

(a) No person, firm, or corporation having a claim for money damages against any municipal corporation on account of injuries to person or property shall bring any action against the municipal corporation for such injuries, without first giving notice as provided in this Code section.

(b) Within six months of the happening of the event upon which a claim against a municipal corporation is predicated, the person, firm, or corporation having the claim shall present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury. No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment.

. . .

(e) The description of the extent of the injury required in subsection (b) of this Code section shall include the specific amount of monetary damages being sought from the municipal corporation. The amount of monetary damages set forth in such claim shall constitute an offer of compromise. In the event such claim is not settled by the municipal corporation and the claimant litigates such claim, the amount of monetary damage set forth in such claim shall not be binding on the claimant.

(f) A claim submitted under this Code section shall be served

33-5 (b) because it did not include any allegations that the son's fatal injuries were caused by the negligence of the City; rather, the only allegations of negligence in the Original Notice concerned the APS, a separate entity under Georgia law. The City further argued that the Amended Notice was untimely under OCGA § 36-33-5 (b), which required that notice be given within six months of when the Wallaces' son was fatally injured, and could not relate back to cure the defects in the Original Notice.

In its order, as amended, the trial court agreed with the arguments raised by the City, concluding that the Original Notice did not substantially comply with the ante litem notice requirements set forth in OCGA § 36-33-5 (b) because it failed to include any allegations of negligence by the City, and that the untimely Amended Notice could not relate back to cure the defect in the Original Notice. Based on these conclusions, the trial court granted the City's motion to dismiss.

1. The Wallaces contend that the trial court erred in granting the motion to dismiss because their Original Notice substantially complied with OCGA § 36-33-5 (b).

---

upon the mayor or the chairperson of the city council or city commission, as the case may be, by delivering the claim to such official personally or by certified mail or statutory overnight delivery.

"Under the ante litem notice statute, OCGA § 36-33-5, anyone who intends to assert a claim against a municipal corporation for monetary damages arising from personal injuries or property damage must first provide notice of the claim. OCGA § 36-33-5 (a)." *City of Alpharetta v. Francis*, 366 Ga. App. 454, 455 (1) (883 SE2d 400) (2023). To that end, under OCGA § 36-33-5 (b), a person seeking to assert a claim against a municipal corporation for money damages must, within six months of the event on which the claim is predicated, "present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury."[3] "The giving of the ante litem notice in the manner and within the time required by the statute is a condition precedent to the maintenance of a suit on the claim." (Citation and punctuation omitted.) *City of Atlanta v. Burgos*, 361 Ga. App. 490, 493 (1) (864 SE2d 670) (2021).

A plaintiff need demonstrate only substantial compliance with the requirements imposed by OCGA § 36-33-5 (b). See *City of Lafayette v. Chandler*, 354 Ga. App.

---

[3] Pursuant to OCGA § 36-33-5 (e), the ante litem notice also must "include the specific amount of monetary damages being sought from the municipal corporation." Subsection (e) is not at issue in this appeal.

259, 260 (840 SE2d 638) (2020).[4] Even so, "the notice must provide enough information to enable the municipality to conduct an investigation into the alleged injuries and determine if the claim should be settled without litigation." *Davis v. City of Forsyth*, 275 Ga. App. 747, 748 (1) (621 SE2d 495) (2005). And "the notice does not provide sufficient definiteness to enable the municipality to inquire into the alleged injuries and determine whether the claim shall be adjusted without suit," where the notice fails to identify "what alleged negligence on the part of the [municipality] caused the incident" forming the basis for the plaintiff's claim. *Colvin v. City of Thomasville*, 269 Ga. App. 173, 174 (1) (603 SE2d 536) (2004). See *Jones v. City of Austell*, 166 Ga. App. 808, 809 (305 SE2d 653) (1983) (noting that even under a substantial compliance standard, "[t]he specified elements of notice" still include identification of "the negligence which caused the [injury]").

---

[4] In 2014, the General Assembly amended OCGA § 36-33-5 to include new subsections (e) and (f), with no amendment to subsection (b). See Ga. L. 2014, p. 125, § 1; *City of Lafayette*, 354 Ga. App. at 260. We have held that given the statutory language, "strict compliance with OCGA § 36-33-5 (f) is required." *City of Albany v. GA HY Imports, LLC*, 348 Ga. App. 885, 891 (1) (825 SE2d 385) (2019). Neither this Court nor our Supreme Court has resolved whether strict or substantial compliance is required for compliance with OCGA § 36-33-5 (e). See *City of Alpharetta*, 366 Ga. App. at 457 (1), n. 2. However, as noted supra in footnote 3, subsection (e) is not at issue in this appeal.

8

In the present case, the Wallaces' Original Notice contained no allegations of negligence by the City and instead identified alleged negligent acts only of APS, a separate legal entity,[5] as causing the fatal accident. The Original Notice thus failed to identify "what alleged negligence on the part of the [City] caused the [fatal] incident." *Colvin*, 269 Ga. App. at 174 (1). Accordingly, the trial court committed no error in determining that the Original Notice failed to substantially comply with OCGA § 36-33-5 (b). See id.; *City of Moultrie v. Price*, 310 Ga. App. 672, 673 (713 SE2d 880) (2011) (concluding, in case alleging that fire that damaged the plaintiff's property was caused by the defendant city's negligence, that the notice documents did not substantially comply with OCGA § 36-33-5 (b) because they did not "indicat[e] that the fire was caused by the city's negligence"). Accord *Jones v. Austell*, 166 Ga.

---

[5] As explained by our Supreme Court:

In 1950, APS was part of the City's municipal government, not a separate political entity. See 1945 Ga. Const., Art. VII, § VII, Par. I. In 1973, however, the General Assembly separated APS from the City's municipal government by enacting separate charters for the two entities and removing most educational powers and responsibilities from the City government. See Ga. L. 1973, p. 2167 (APS charter of 1973); Ga. L. 1973, p. 2188 (City of Atlanta charter of 1973).

*City of Atlanta v. Atlanta Independent School System*, 300 Ga. 213, 214 (794 SE2d 162) (2016). See generally *Cook v. Colquitt County Bd. of Ed.*, 261 Ga. 841, 841, (412 SE2d 828) (1992) (noting general rule that a school district is a body corporate with the capacity to sue or be sued).

App. 808, 809 (305 SE2d 653) (1983) (concluding that notice of tenant's personal injury claim failed to provide sufficient ante litem notice of landlord's property damage claim); *Jones v. City Council of Augusta*, 100 Ga. App. 268, 269 (6) (110 SE2d 691) (1959) (concluding that minor's action against the defendant city for personal injuries was properly dismissed for failure to comply with the ante litem statute, where the notice provided to the city only identified claims by the minor's parents for medical expenses and loss of services).

2. The Wallaces further contend that the trial court erred in concluding that their Amended Notice, which was provided to the City outside the six-month statutory deadline, could not relate back to the time of filing of the Original Notice.

An amended ante litem notice provided to a defendant municipality outside the six-month deadline imposed by OCGA § 36-33-5 (b) does not relate back to the date of an original, defective notice and cannot cure any defects contained in the original notice. See *Manzanares v. City of Brookhaven*, 352 Ga. App. 293, 298-299 (2) (834 SE2d 358) (2019). The Wallaces' Amended Notice therefore did not relate back to the date of the Original Notice and could not cure the defects contained therein, as the trial court properly determined. See id.

10

3. Lastly, the Wallaces argue that the ante litem notice requirements of OCGA § 33-36-5 (b) do not apply to their continuing nuisance claim. But the Wallaces did not raise this argument in the court below, and the trial court did not rule on the issue. And "it is well established that we are limited to considering only those grounds raised and ruled on below by the trial court and may not consider a basis for appeal not presented at the trial level." (Citation and punctuation omitted.) *Pinnacle Benning LLC v. Clark Realty Capital, LLC*, 314 Ga. App. 609, 618 (2) (b) (724 SE2d 894) (2012). "Stated differently, although under the 'right for any reason' rule this court will affirm the correct ruling of a trial court on grounds not addressed below, we do not apply a 'wrong for any reason' rule to reverse incorrect rulings on issues not raised or ruled upon in the trial court." (Citation and punctuation omitted.) *Designs Unlimited v. Rodriguez*, 267 Ga. App. 847, 847 (601 SE2d 381) (2004). Because the Wallaces raised their argument regarding the application of the ante litem statute to their continuing nuisance claim for the first time on appeal, they have waived that argument for purposes of appellate review, and we decline to consider it. See *Trop, Inc. v. City of Brookhaven*, 296 Ga. 85, 90 (3) (764 SE2d 398) (2014); *Pinnacle Benning LLC,* 314 Ga. App. at 618 (2) (b); *Hann v. Harpers Boutiques Intl.*, 284 Ga.

11

App. 531, 533 (1) (644 SE2d 337) (2007). Accordingly, we affirm the trial court's grant of the City's motion to dismiss.

*Judgment affirmed. Mercier and Land, JJ., concur.*