**SECOND DIVISION
DOYLE, P. J.,
DAVIS, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.gov/rules**

**May 26, 2026**

# In the Court of Appeals of Georgia

A26A0658. KISER v. MAYOR AND ALDERMAN OF THE CITY
 OF SAVANNAH.

DAVIS, Judge.

Kathy Kiser filed a lawsuit against the Mayor and Aldermen of the City of Savannah (the "City"), alleging she suffered injuries while walking in a crosswalk. The City filed a motion for summary judgment, and after a hearing, the trial court granted the City's motion finding Kiser's ante litem notice was statutorily deficient. Kiser filed this appeal, contending the trial court erred in granting the City's motion for summary judgment because her ante litem notice substantially complied with the notice requirements of OCGA § 36-33-5. For the reasons discussed below, we affirm.

> Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. In reviewing the grant or denial of a motion for summary judgment, we apply

a de novo standard of review, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Sidhom v. Boutrous*, 358 Ga. App. 432, 432-33 (855 SE2d 426) (2021).

Viewing the evidence in the light most favorable to Kiser, the record shows that on March 20, 2021, Kiser was visiting Savannah when she tripped and fell in a crosswalk on East Bryan Street near the Bryan Street Parking Garage. Kiser contended that as a result of the fall, she sustained serious injuries. On April 9, 2021, Kiser sent an ante litem notice to the City wherein she contended that she sustained a substantial injury "when walking in a cross walk located on East Bryan Street near the Bryan Street Parking Garage" and that "the City, through its agents and employees, were negligent causing the fall." On April 21, 2021, Kiser received a letter from the City's Risk Management Director, and Kiser's counsel spoke with the City's Risk Management Director on the phone, confirming the City's self insured status and the location where Kiser's injury occurred. On May 29, 2022, Kiser received an email from a Risk Analyst for the City seeking clarification regarding the location where the injury occurred. Kiser's counsel provided the Risk Analyst with the location and a photo of the crosswalk. On August, 9, 2022, Kiser received a letter from the Deputy

City Attorney that the City declined to adjust the matter. Kiser filed her lawsuit against the City on March 3, 2023. The City moved for summary judgment, arguing, among other things, that Kiser's ante litem notice was insufficient because it did not provide the City with enough information to enable it to conduct an investigation into her alleged injuries. Finding Kiser's ante litem notice was statutorily deficient under OCGA § 36-33-5(b) because it failed to sufficiently state the negligence that caused her injury or the place the injury occurred, the trial court granted the City's motion. This appeal followed.

On appeal, Kiser argues the trial court erred by granting the City's motion for summary judgment finding that her ante litem notice was statutorily deficient. Kiser contends her ante litem notice substantially complied with OCGA § 36-33-5(b) because it stated the place where the injury occurred and described the negligence that caused her injury.

OCGA § 36-33-5(b) sets forth the necessary requirements for an ante litem notice.

> Within six months of the happening of the event upon which a claim against a municipal corporation is predicated, the person, firm, or corporation having the claim shall present the claim in writing to the governing authority of the municipal corporation for adjustment, stating

> the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury. No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment.

OCGA § 36-33-5(b). "A plaintiff need demonstrate only substantial compliance with the requirements imposed by OCGA § 36-33-5(b). Even so, the notice must provide enough information to enable the municipality to conduct an investigation into the alleged injuries and determine if the claim should be settled without litigation." *Wallace v. City of Atlanta*, 368 Ga. App. 260, 264(1) (889 SE2d 438) (2023) (quotation marks omitted).

> The notice does not provide sufficient definiteness to enable the municipality to inquire into the alleged injuries and determine whether the claim shall be adjusted without suit where the notice fails to identify what alleged negligence on the part of the municipality caused the incident forming the basis for the plaintiff's claim.

Id. (quotation marks omitted).

Here, we agree with the trial court that Kiser's notice was statutorily deficient for failing to sufficiently state the negligence which caused her injury.[1] Kiser's ante litem notice, in relevant part, stated, "Ms. Kiser contends that the City, through its

---

[1] Because we agree that Kiser's notice was deficient in failing to sufficiently state the negligence which caused her injury, we need not address whether Kiser's ante litem notice sufficiently stated the place the injury occurred.

agents and employees, were negligent causing the fall." Simply alleging the City was negligent does not provide sufficient definiteness to satisfy the requirements of OCGA § 36-33-5(b) requiring a plaintiff state the negligence that caused the injury, especially when there are many possible ways a city's negligence could cause or contribute to a fall in a crosswalk. Thus, we agree that Kiser's notice failed to be sufficiently definite in describing what alleged negligence on the part of the municipality caused the incident. See *City of Moultrie v. Price*, 310 Ga. App. 672, 673 (713 SE2d 880) (2011) (notice was insufficient where plaintiff contends the alleged negligence was contained within the statement that a power line maintained by the city fell, causing a fire, but the notice did not allege how the City was negligent). Compare *Columbus v. Preston*, 155 Ga. App. 379, 380(1) (270 SE2d 909) (1980) (ante litem notice sufficient where it alleged that a City was negligent in leaving a known road defect "without adequate warning signs and protective barriers").

Kiser further asserts that the letter from the Deputy City Attorney shows that her ante litem notice was in substantial compliance with OCGA § 36-33-5(b) because, according to the letter, the City was eventually able to investigate her claim. "The fact that the City conducted a preliminary investigation of her claim in response to her

written ante litem notice and denied liability does not remedy [Kiser's] failure to comply with the requirements of the ante litem notice statute." *Pickens v. City of Waco*, 352 Ga. App 37, 45(2)(b) (833 SE2d 713) (2019).

Accordingly, we affirm the trial court's order granting the City's motion for summary judgment.

*Judgment affirmed. Doyle, P. J. and Senior Judge C. Andrew Fuller concur.*